———o———

ROBERT A. HEWITT, Respondent, *vs.* PETER WEATHERBY, Appellant.

1. *Sheriff's deed—Cannot be attacked collaterally, when.*—In ejectment for land bought at sheriff's sale, mere irregularities which do not render the deed absolutely void, cannot be inquired into.

2. *Practice, civil—Constructive service, not shown to be made at usual place of abode gives no jurisdiction.*—Where the sheriff's return shows that a copy of the petition and writ were left with defendant's wife, but fails to show that it was left at his usual place of abode, such service confers no jurisdiction on the court, and judgment and sheriff's sale and deed of land based thereon are absolutely void in ejectment suit by a purchaser at execution sale.

Where personal judgment is sought to be rendered on constructive service, the essentials of the statute ought to be substantially complied with.

*Appeal from DeKalb Circuit Court.*

*Bennett Pike, Sherman, Strong & Hedenberg*, for Appellant.

The service of summons in the case of Meek vs. Hewitt is sufficient to sustain the judgment when attacked collaterally. (Boudall vs. Isett, 14 Iowa, 309 ; Cooper vs. Sunderland, 3 Iowa, 114 ; Bromley vs. Smith, 2 Hill, 517 ; Prince vs. Griffin, 16 Iowa, 552 ; Baker vs. Chaplain, 12 Iowa, 204 ; Heffermon vs. Bait, 7 Iowa, 320 ; Denton vs. Noyes, 6 John., 297 ; Pillsbury vs. Dugan, 9 Ohio, 118, 120 ; Mooney vs. Mans, 22 Iowa, 380 ; Shumney vs. Stillman, 4 Cow., 292.)

In favor of the judgment, in proceedings of a court of general jurisdiction, it will be presumed that the court had jurisdiction of the person of the defendant, although that fact may not affirmatively appear on the record. (Reynolds vs. Stansbury, 20 Ohio, 344 ; Robb vs. Lessee of Williams, 16 Ohio, 689 ; Lessee of Douglas vs. Massie, 16 Ohio, 271 ; Nennoni's Lessee vs. Cincinnati, 18 Ohio, 323.)

A party to a judgment of a court of a competent common law jurisdiction, can impeach it for defect of process, or want or insufficiency of service, only by proceedings instituted directly for that purpose. (Hendricks vs. Whittemore, 105 Mass., 23 ; Cole vs. Butler, 43 Me., 401 ; Comm. vs. Bridgman, 39 Me., 35 ; Jones vs. Relfe, Adm'r, 3 Mo., 388 ; Wilson vs. Jackson's Adm'r, 10 Mo., 329, 336, 337 ; Childs vs. Shannon's Adm'r, 17 Mo., 331.)

*B. R. Vineyard*, for Respondent.

The return is insufficient under our statute, in failing to show that the service was on a white person of defendant's family, over the age of fifteen years, and in failing to show that the service was had.

The sheriff's return, especially where the service is constructive, must be strictly construed. (Blanton vs. Jamison, 3 Mo., 52 ; Smith's Adm'r vs. Rollins, 25 Mo., 410 ; Fisher vs. Fredericks, 33 Mo., 613 ; Stewart vs. Stringer, 41 Mo., 400 ; Schell vs. Leland, 45 Mo., 293.)

III. A void judgment, made so in consequence of want of jurisdiction over the defendant, may be attacked collaterally, and a purchaser at sheriff's sale, under such a judgment acquires no title. (Sanders vs. Baine, 10 Mo., 770; Janney vs. Spedden, 38 Mo., 395; Shaw vs. Gregoire, 41 Mo., 414; Abbott vs. Sheppard, 44 Mo., 273; Howard vs. Thornton, 50 Mo., 291.)

ADAMS, Judge, delivered the opinion of the court.

This was an action of ejectment for a tract of land in De Kalb county, being the north half of the north-west quarter of section 34, township 49 of range 31.

The plaintiff showed a clear paper title in fee from the government of the United States.

The defendant relied upon a sheriff's deed, regular on its face, and reciting a judgment and execution, under which the sale was made, of Richard Meek against the plaintiff, Robert A. Hewitt.

The judgment, as recited, was rendered in the DeKalb Circuit Court, at the March term, 1865, on a default taken at the previous September term, 1864.

The defendant rested his case on the sheriff's deed. The plaintiff, by way of rebuttal, introduced as evidence the record and proceedings in the case of Richard Meek against him, above referred to.

From this record it appears, that the judgment was by default rendered final at the March Term, 1865. There was no appearance of the plaintiff in person or by attorney. The sheriff's return upon the summons is in these words: "I certify that I have served the within writ and petition, by leaving a copy of the same with Mrs. Mary Hewitt, the wife of the within named defendant, this 21st day of June, 1864.

All done in DeKalb county.

J. E. BRANSCOM.
Sheriff DeKalb Co., Mo.

The case was submitted to the court for trial, and the court in effect declared, that the sheriff's deed relied on by defend-

ant was void, for the reason that the judgment under which the execution issued and the sale was made, was a nullity. The defendant excepted to these rulings and has appealed to this court.

The courts are inclined to uphold judicial sales, and to this end will disregard mere irregularities which do not render the proceedings void. Such irregularities can only be called in question in direct proceedings, and cannot be inquired into in ejectments or other collateral suits. The purchaser at sheriff's sale, however, must look to the judgment, execution, levy and sheriff's deed. If these are valid, all other questions are between the parties to the judgment and the sheriff. (Lenox vs. Clark, 52 Mo., 115.)

Unless the plaintiff, who was the defendant in the judgment under which his land was sold, was properly before the court, either by appearance or service of a summons, the court had no jurisdiction to render the judgment. There is no pretense that there was personal service of the summons. The only question is, whether there was such constructive service on him, as justified the court in rendering the judgment. The essential requirement of our statute in constructive service of a summons is, that a copy of the petition and writ be left at the usual place of abode of the defendant, with some white person of the family over the age of fifteen years. (2 R. C., 1855, p. 1223, § 7.)

The return of the sheriff shows that a copy of the petition and writ was left with the plaintiff's wife. There is nothing in the return indicating that it was left at his usual place of abode or that he had any usual place of abode in the county.

We may presume that his wife was a white person of his family over the age of fifteen years; but she may have been only temporarily in DeKalb county, or she may have been living separate from her husband. He may have been a resident of some other county or state. Sometimes husband and wife may have separate domiciles, and may be living apart in distant States.

This is a jurisdictional question, and where a personal judgment is sought to be rendered on constructive service, the essentials of the statute ought to be substantially complied with. The simply delivering to the plaintiff's wife of a copy of the petition and writ, was not a substantial compliance with the statute, and did not constitute such a service as authorized the court to render judgment against the plaintiff. The judgment, therefore, was absolutely void, and the sheriff's sale and deed passed no title.

For these reasons, the judgment of the Circuit Court will be affirmed. Judge Sherwood absent; the other judges concur.