SYBILLA SCHNEIDERHEINZE, Appellant, v. OT-
TO BERG et al., Executors of Will of GOTTLIEB
BERG, et al.

Division One, December 20, 1916.

1. **JURISDICTION: Irregularities: Names of Plaintiff: Acknowledg-
ment of Sheriff's Deed: Collateral Attack.** If the court has juris-
diction of the persons of defendants and of the subject-matter of
the cause of action, minor irregularities in the proceedings—such
as variances in the spelling of plaintiff's name in the proceedings
after the filing of the petition, the failure of the recorder to tran-
scribe on his book the seal of the court to the clerk's certificate of
the sheriff's acknowledgment to his deed, and a failure to give
notice to defendants when a second judgment was rendered at the
same term after the first had been set aside—are not open to col-
lateral attack.

2. **SERVICE OF SUMMONS: On White Member of Family.** The Act of
1875, Laws 1875, p. 105, repealed Sec. 7, chap. 164, G. S. 1865,
which provided that, after service upon the first defendant, service
could be made upon a later defendant not found by leaving a copy
of the writ at his usual place of abode with some white member
of his family over the age of fifteen years, and substituted a
new section in lieu of said section 7, from which the word "white"
was omitted; and a service of process in 1879 in accordance with
the Act of 1875 gave the court jurisdiction of defendants.

3. **LIMITATIONS: Married Woman: Twenty-four Years.** A suit by
a married woman to recover lands conveyed to her by a sheriff's
deed is not barred if brought within twenty-four years after such
conveyance, if she was married at the time the deed was made and
has been since.

4. **HOMESTEAD: Acquired by Devise: Exemption From Execution.**
Land acquired by will prior to 1887, whether occupied by the de-
visee as a homestead or not, was not exempt from execution for
the devisee's debts. A sale under execution issued against lands
acquired by devise in 1862, made under execution issued in 1888
under a valid judgment rendered in 1879, carried the title to
the purchaser, even though such lands were occupied by the
devisee as a homestead at the time of the judgment and at the time
of the sale.

5. ———: **Lands Devised Upon Condition: Deed of Executor.** Where
the will of the owner of land devised it to his son upon condition
that he pay into the hands of the executor, within twelve months,

one thousand dollars, and that was done, a deed thereupon made by the executor conveying the land to the son did not convey the title, but the son's title accrued through the devise in the will of his father, and he took nothing by the deed of the executor, who had neither title, nor power to convey.

Appeal from Warren Circuit Court.—*Hon. James D. Barnett,* Judge.

REVERSED AND REMANDED.

*Muench, Walther & Muench, J. H. Schaper, H. F. Hecker* and *Emil Roehrig* for appellant.

(1) The regularity of the proceedings in the original suit on the note for $6400, preliminary to the judgment and the execution, cannot be questioned in this proceeding, which is wholly collateral to and independent of that suit. Lovitt v. Russell, 138 Mo. 482; Morrison v. Turnbaugh, 192 Mo. 445; Reed v. Nicholson, 158 Mo. 624; Talbot v. Rowe, 171 Mo. 421; Warren v. Manwarring, 173 Mo. 21; Freeman on Executions, sec. 296, p. 1709; Lieber v. Lieber, 239 Mo. 55; Lumber Co. v. Carroll, 255 Mo. 369; Skillman v. Clardy, 256 Mo. 309. Under no circumstances could the defendants take advantage of any irregularities not pleaded. Shelton v. Franklin, 224 Mo. 367. (2) The trial court in the original suit necessarily retained jurisdiction of the judgment rendered in that suit on April 24, 1879, during the remainder of the term at which it was rendered and therefore had jurisdiction to set aside this judgment and to enter a new judgment on May 9, 1879, within the same term, the defendants in the suit having remained in default, after due service. Aull v. Trust Co., 149 Mo. 13; Hesse v. Seyp, 88 Mo. App. 66; Smith v. Perkins, 124 Mo. 50; Black on Judgments, secs. 326, 346; Ewart v. Peniston, 233 Mo. 695; Shuck v. Lawton, 249 Mo. 173. (3) The absence of the seal of the circuit court from the clerk's certificate of acknowledge on the sheriff's deed does not affect the validity of the deed. Hammond v. Gordon, 93 Mo. 223; McCay v. Cassidy, 69 Mo. 429; Hartwell v.

Parks, 240 Mo. 548. (4) The name of the plaintiff having been properly spelled "Kuechlin" in the petition, the summons and the copies of the petition made by the clerk in the original suit, the clerk's misprision in spelling it "Kruechlin" in the judgment is not such an irregularity as will render the judgment void, jurisdiction having been properly acquired. Morrison v. Turnbaugh, 192 Mo. 445; Union Bank v. McWhaters, 52 Mo. 34; Dixon v. Hunter, 204 Mo. 392; Ellis v. Jones, 51 Mo. 181; Gray v. Howles, 74 Mo. 424; Davis v. Kline, 76 Mo. 313; Walker v. Railroad, 193 Mo. 475. This point is fully covered by the Statute of Jeofails, R. S. 1909, sec. 2119. (5) The further misprision of the clerk in spelling the plaintiff's name "Kruechline" in the execution issued in the original suit is not sufficient to invalidate the sheriff's sale and deed. Freeman on Executions, sec. 43; Davis v. Kline, 76 Mo. 313; Ellis v. Jones, 51 Mo. 188. (6) This action is not barred by the Statute of Limitations, because (a) It was brought within twenty-four years after December 24, 1888, the day on which the sheriff's deed to plaintiff was executed and recorded. R. S. 1909, sec. 1881. (b) The plaintiff was married several years prior to the levy and sale and before the passage of the Married Women's Act, and has remained under coverture ever since, so that the statute could not begin to run. Graham v. Ketchum, 192 Mo. 1. (7) Gottlieb Berg, one of the defendants in the original suit, whose property was conveyed by the sheriff's deed, acquired title to this property by devise, through the will of his father, George Berg, and not by purchase, prior to the enactment of the Statute of 1887, placing homesteads acquired by descent or devise upon the same footing as those acquired by purchase; therefore, the homestead established by him on the property in 1867 did not exempt it from execution and sale for the indebtedness incurred thereafter and reduced to judgment on May 9, 1879, and the sheriff's deed passed title to plaintiff and Fisher. G. S. 1865, sec. 7, chap. 3, title 29; Laws 1887, pp. 197-8; Lohring v. Groomer, 142 Mo. 1;

Spratt v. Early, 169 Mo. 367; Clark v. Thias, 173 Mo. 648. The deed from the executor of George Berg's estate was a nullity, no authority to execute such deed, or any deed, having been granted the executor by the will. Aubuchon v. Lory, 23 Mo. 99; Sturgeon v. Chambers, 40 Mo. 485; Thorp v. Miller, 137 Mo. 239; Barnard v. Keathley, 230 Mo. 227; R. S. 1909, sec. 139.

*T. W. Huckriede* and *Rosenberger & Dowell* for respondents.

(1) No valid judgment could be rendered against Mittler and Berg on either April 24, 1879, or May 9, 1879, because the return of the sheriff on the writ issued is insufficient to confer jurisdiction upon the court to render a valid judgment. Rosenberger v. Gibson, 165 Mo. 16. The second judgment rendered May 9, 1879, is a nullity and is void. This judgment was rendered without notice to the defendants after judgment had been rendered on April 24, 1879. If the return of the sheriff be held sufficient to confer jurisdiction on the court, then the judgment of April 24, 1879, would have been a valid judgment. That judgment, however, on plaintiff's motion could not thereafter be set aside and a second valid judgment rendered against the defendants, Mittler and Berg, without notice to them. After the first judgment was rendered Mittler and Berg were no longer in court. (2) The sheriff's deed was improperly admitted in evidence. The name of the plaintiff during the proceedings had become so distorted and changed from the time the petition was filed until execution was issued and sale was had that the execution became a nullity and a decree based thereon amounted to naught. The record of the sheriff's deed failed to show that the acknowledgment had been attested by the seal of the court, and the deed was improperly admitted in evidence, and the subsequent admission of the circuit clerk's record of the acknowledgment as shown by the circuit court records could not cure this defect. Adams v. Buchanan, 49 Mo. 64. (3) Gottlieb Berg had a homestead in the

lands in suit. The first homestead statute in Missouri was passed in 1865, and expressly exempts the levy of an execution upon existing estates; and Gottlieb Berg had such an existing estate as prevented a sale of his homestead under execution. State ex rel. v. Diveling, 66 Mo. 373. Blackstone says, "If an ancestor devises his estate to his heir at law by will with other limitations or in any other shape than the course of descent would direct, such heir takes by purchase." Gottlieb Berg took title to the lands in question by purchase. The evidence of his purchase was the executor's deed, which was filed for record in 1863. The note which formed the basis of the suit upon which judgment was rendered and execution issued was given long after Gottlieb Berg had come into the full possession of his homestead rights. (4) A sale of a homestead under execution without notifying the execution debtor of his homestead rights and setting off a homestead to the execution debtor passes no title to the purchaser at the execution sale. Macke v. Byrd, 137 Mo. 682; Ratliff v. Graves, 132 Mo. 76; Broyles v. Cox, 153 Mo. 242; Creech v. Childers, 156 Mo. 338.

BOND, J.—I. Plaintiff, on September 6, 1911, sued defendants under section 2535 of the statutes to recover a one-half interest in seventy-seven and one-half acres of land in Warren County. Judgment was rendered against plaintiff from which she prosecuted an appeal to this court.

The evidence disclosed that in the year 1862 George Berg died testate; that under paragraph two of his will he devised the land in controversy to his son Gottlieb Berg on condition that he should pay into the hands of the executor named in the will, within twelve months, **Statement.** the sum of one thousand dollars. This money was paid by the devisee, whereupon the executor executed a deed conveying the land to him as devised in the will. This deed was duly recorded in 1863. The grantee took possession of the land as owner, and at his death, in 1909, devised the property to Gus-

tavus Berg on condition of his paying into the estate of Gottlieb Berg the sum of five thousand dollars. During the lifetime of Gottlieb Berg, to-wit, on November 10, 1875, he and one Charles Mittler signed as sureties a promissory note payable to the plaintiff six months thereafter, under her maiden name of Sybilla Keuchlin; that on March 25, 1879, plaintiff brought an action against the two sureties for the amount due on said note. The summons issued in this suit bore the following return of the officer executing it:

> Served the within writ in the county of Warren, State of Mo. this the 27th day of Mch., 1879, by delivering a true copy of the same together with a copy of the within petition to the within-named Charles Mittler & by leaving a true copy of said writ at the usual place of abode of the said Gottlieb Berg with a member of his family over the age of 15 years, & on said day and in said Co.   Fee $2.00
>
> S. B. COOK,
> Sheriff of Warren County.

The defendants having made default, at the next term of the court plaintiff took judgment for the amount due on said note and, thereafter, at the same term of court, without any notice to the defaulting defendants, procured the setting aside of said judgment and the rendition of a second judgment, May 9, 1879. This judgment is in the name of Sibyla Kreuchlin.

No action was taken by the plaintiff to enforce this judgment until July 3, 1888, when an execution was issued thereon, whereunder the land in controversy was sold to plaintiff and one J. C. Fisher, at and for the sum of one hundred and fifty dollars, whereupon the sheriff of the county executed a deed to Sybilla Schneiderheinze (plaintiff having married in the meantime) and J. C. Fisher, dated December 3, 1888, which was duly recorded except that the seal of the court was not affixed by the clerk to his certificate of the acknowledgment of the deed. Twenty-three years after plaintiff's obtention of this deed, the whole of which period the land was in the adverse possession of defendants or their ancestor, the present action was begun. Shortly

before this suit Fisher, the co-grantee in the sheriff's deed, quitclaimed his interest to defendants for five hundred dollars, accompanying it with an affidavit that he owned any and all interest which plaintiff acquired under the sheriff's deed.

The evidence showed that Gottlieb Berg used the land in his lifetime as a homestead for himself and family.

II. In support of the judgment below respondent calls attention to certain subsequent variances in the spelling of plaintiff's name in the proceedings after the filing of her petition; and also to the fact that when plaintiff obtained the second judgment after the vacation of the first, no notice was given to either of the defendants, and to the language of the sheriff's return on the original summons against Gottlieb Berg.

**Irregularities in Names and Deed.**

There is no merit in any of these contentions, nor in the further claim that the record of the sheriff's deed was inadmissible (the original having been lost) because of the failure of the recorder of deeds to transcribe on his books the seal of the court to the certificate of the clerk that the deed had been duly acknowledged. This "farrago of irregularities" is unavailable as attacking the validity of the title devolved on plaintiff under her suit to recover the amount of the note, for the reason that if the court in that case was possessed of jurisdiction of the persons of the defendants and the subject-matter of the cause of action, then none of its proceedings are open to the collateral attack attempted to be made in the instant case. [Rivard v. Railroad, 257 Mo. 1. c. 168; Lovitt v. Russell, 138 Mo. 1. c. 482.]

It follows that the only inquiry on this appeal is whether the court acquired jurisdiction of the person of Gottlieb Berg, the ancestor of defendants, through the return of service of process made by the sheriff, which is quoted above.

**Service of Process.**

It is erroneously stated in the brief of respondent that the sufficiency of this return must be judged by

the provisions of the General Statutes of Missouri of 1865, chapter 164, section 7, which, with reference to service of process upon several defendants, provides as to those who are summoned subsequently to the first defendant, that the service must be made in case such later defendants are not found, by leaving a copy of the writ at the usual place of abode of the defendant with some (white) person of his family over the age of fifteen years. [G. S. 1865, sec. 7, ch. 164.]

That statute was repealed by the substitution of another mode of service upon such defendants in Laws 1875, p. 105, where it will be seen the word "white" is stricken out. This act of 1875 took effect from and after passage and was in full force and vigor when the sheriff made his return on March 27, 1879, in strict conformity with the statute then regulating the service of process in such cases. This substitutionary statute was evidently overlooked by the learned counsel for respondent. We, therefore, conclude that the court was in possession of jurisdiction of the person of Gottlieb Berg, through the above quoted return of the sheriff at the time plaintiff commenced her suit and recovered her judgment.

III. It is further contended by respondent in support of the present judgment that the bar of the Statute of Limitations attached. This is a misconception of the

**Limitations.** law. The statute expressly provides, in the case of a married woman suing to recover her lands, that the bar does not become absolute until after the lapse of twenty-four years. [R. S. 1909, sec. 1881; Graham v. Ketchum, 192 Mo. 15.] In this case the evidence is undisputed that the plaintiff was a married woman at the time she obtained the sheriff's deed to the land in controversy and remained so to the date of the trial, and that the suit was begun within twenty-four years after the sheriff's deed to her.

IV. The next contention of the learned counsel for defendants is that the sale is void because the land in

question was used by the ancestor of the defendants as a homestead. There is no merit in this contention.

**Homestead.** The land was acquired not by *deed,* but by *devise* under a will, and the rule in this State prior to 1887 was that the homestead was exempt from any indebtedness sought to be enforced against it which arose after the filing for record of the deed creating the estate; but was not protected against such indebtedness if the homestead was acquired by a will or by descent cast. [Laws 1887, pp. 197, 198; Clark v. Thias, 173 Mo. l. c. 648; Spratt v. Early, 169 Mo. l. c. 368; Loring v. Groomer, 142 Mo. 1.]

In this case the title of defendants' ancestor accrued through a devise in the will of his father, he took nothing under the deed of the executor who had neither title nor power to convey under the will. [Barnard v. Keathley, 230 Mo. l. c. 227; Thorp v. Miller, 137 Mo. l. c. 239; Sturgeon v. Schaumburg, 40 Mo. l. c. 483.]

It follows, in this case that the judgment was erroneous. It is, therefore, reversed and the cause remanded for further proceedings not inconsistent with this opinion. All concur.