W. H. DAVIS, APPELLANT, v. MORGAN FOUNDRY COMPANY, RESPONDENT.*

Kansas City Court of Appeals. December 2, 1929.

*Corpus Juris-Cyc. References: Courts, 15CJ, section 13, p. 725, n. 87; Judgments, 34CJ, section 815, p. 511, n. 46; Receivers, 34Cyc, p. 333, n. 15, 16; p. 484, n. 49; Replevin, 34Cyc, p. 1497, n. 81.

*Henry J. Plagens* and *C. F. Douglas* for appellant.

*J. P. Flournoy* for respondent.

ARNOLD, J.—This is a replevin suit instituted in the circuit court of Jackson county, Missouri. The facts disclosed are that defendant, Morgan Foundry Company, is a corporation organized and existing under the law and doing business at Independence, Missouri. Its business, in part, is making castings upon order. The Scott Weighing Machine Company was a corporation located and doing business at Topeka, Kansas. This company was the owner of certain weighing machine patterns which were delivered to the defendant for use in making certain castings on order for said weighing machine company. Later, a receiver for the latter company was appointed by the district court of Shawnee County, Kansas, at Topeka, to manage and close out its business affairs. It appears that prior to the appointment of such receiver the Scott Weighing Machine Company had placed with defendant company an order for the castings above referred to, upon an agreed valuation of

$435. Some of the castings were made, of the value of $260.70, no part of which was ever paid. Defendant declined to make further shipments unless payments therefor were made at the time of shipment.

The receiver was appointed sometime prior to September 18, 1925, and on said date notice of the receiver's sale was regularly published. At this sale plaintiff herein purchased all the assets of the Scott Weighing Machine Company. No objections were offered to the sale to plaintiff, for the sum of $5800, and the sale was duly confirmed by the court. The order of sale of September 4, 1925, recites, among other things—

"That this order of sale shall apply to all of the property now in the charge and control of the receiver specifically described as follows, to-wit:

"All fixed and movable machinery with spare parts of all engines, motors, belting, shafting, attachments, fans, ovens, furnaces, gearing, factory implements, tools of trade, patterns, dies, jigs, patents, licenses, scales and scale parts wherever situated, raw material on hand, office and shop furniture and fixtures, automobiles, accounts and notes receivable, and all apparatus used in carrying on the business, together with all the appurtenances and appliances connected with and appurtenant thereto."

The order of confirmation recites:

"The receiver is directed forthwith to deliver to said W. H. Davis all the property above described now in his possession. . . . The court retains jurisdiction for the purpose of making any necessary orders concerning the possession of said property and the delivery of the same to said purchaser and his right to exercise full control and ownership thereof."

The record discloses that after the receiver took charge of the affairs of the Scott Weighing Machine Company and on January 10, 1925, he wrote defendant herein asking it to submit a statement of its account with the defunct company and on January 17, 1925, in compliance therewith, defendant wrote the receiver enclosing the statement of account asked. This account was in detail, showing numbers and dates of invoices from March 25, 1924 to July 7, 1924, making a total of $496.68 in debits; and credits in the total sum of $226.59, leaving a balance due of $270.09. This claim was allowed for $260.84.

It further appears that all this time the property in question, including the patterns above mentioned, was in possession of defendant at Independence, Jackson County, Missouri. After the confirmation of the sale plaintiff herein, through his agent, demanded of defendant the surrender of the patterns in controversy, which demand was refused and this suit followed.

The petition recites:

"Plaintiff for his cause of action states that he is the owner of and entitled to the possession of the following specific personal property, to-wit: One (1) scale base pattern; Two (2) scale housing patterns (fan type); Two (2) lever patterns (large size); Two (2) lever patterns (small size); Two (2) core boxes all of the value of $1500, which the defendant wrongfully detained from the plaintiff in the county of Jackson and State of Missouri."

The prayer is for the recovery of the property and $500 damages.

The answer admits defendant's corporate status; the possession of the property described in the petition at the time this action was instituted, and generally denies all other allegations of the petition. As affirmative defense the answer states—

"That the property described in plaintiff's petition was in the year 1923 owned by the Scott Weighing Machine Company, a corporation located and doing business in the State of Kansas; that said property was delivered to defendant by said Scott Weighing Machine Company for the purpose of being used by defendant as patterns by which to make iron castings for said Scott Weighing Machine Company and that, using said patterns, defendant made for said Scott Weighing Machine Company castings for which the said Scott Weighing Machine Company agreed to pay the sum of $435; that $260.84 worth of said castings were delivered to said Scott Weighing Machine Company and that the remainder of said castings are still in possession of said defendant; that no part of the $435, which the said Scott Weighing Machine Company owed defendant, has been paid, and that said defendant has a lien on said patterns, being the property described in said plaintiff's petition, for the amount of said indebtedness which said Scott Weighing Machine Company owes said defendant and is entitled to the possession of said property until said lien is satisfied."

The prayer is for the return of the property and for costs.

The amended reply admits the property described in plaintiff's petition was owned in 1923, by the Scott Weighing Machine Company; that said property was delivered to defendant by said Scott Weighing Machine Company for the purpose of being used by defendant as patterns by which to make certain iron castings for said Scott Weighing Machine Company, and denies each and every other allegation in defendant's answer.

The cause was tried to the court without the aid of a jury. The court found the issues for defendant; that it was entitled to possession of the property at the time of the institution of this suit; that defendant has a special lien on the property described in the petition and taken from defendant by the writ of replevin herein, in the amount of $382; and plaintiff not now having said property in

his possession, that defendant have and recover of plaintiff's surety on the bond made herein, the Fidelity & Deposit Company of Maryland, the sum of $382, and for its costs.

A motion for new trial, duly filed, was overruled and defendant has appealed.

The first assignment of error charges the court erred in failing to find defendant's claim against the Scott Weighing Machine Company was completely discharged by the receivership proceedings and that plaintiff purchased the property set out in the petition at the receiver's sale, free and clear of any and all claims, right, title or interest in or against said property. Under this assignment is presented the question of the jurisdiction of the district court of Shawnee County, Kansas, over the patterns in question which were then in the hands of defendant in the State of Missouri. The determination of this question would seem to settle the questions arising on this appeal. It is said by the Supreme Court in Robinson v. Levy, 117 S. W. 577, 582 (citing Munday v. Vail, 34 N. J. Law 422):

"Jurisdiction may be defined as the right to adjudicate the subject-matter in a given case. To constitute this, there are three essentials: First. The court must have cognizance of the class of cases to which the one to be adjudged belongs. Second. The proper parties must be present. And, third, the point decided must be in substance and effect within the issue."

A court has jurisdiction of the subject-matter of a suit when it has the right to determine the controversy between the parties and grant the relief prayed. And when the court has such cognizance of the controversy, as shown by the pleadings, and has the parties before it, the judgment or order of the court is valid unless set aside or reversed upon appeal or writ of error. Another court in another suit may not inquire into any irregularities in the former judgment. In other words the judgment is not subject to collateral attack. [Hope v. Blair, 105 Mo. 85, 93; Adams v. Cowles, 95 Mo. 506, 8 S. W. 711; Rosenheim v. Hartsock, 90 Mo. 365, 2 S. W. 473; Bushman v. Bushman, 311 Mo. 551, 279 S. W. 122, 129.] It was held in Hewitt v. Weatherby, 57 Mo. 276, 279:

"Unless the plaintiff, who was the defendant in the judgment under which his land was sold, was properly before the court, either by appearance or service of a summons, the court had no jurisdiction to render the judgment."

It is plaintiff's contention that defendant herein was properly in the court of Shawnee County, Kansas, by virtue of filing its claim with the receiver at the latter's solicitation and request; and that said court had jurisdiction of both the person and subject-matter. A similar situation arose in the case of Stuart v. Dickinson, 235 S. W. 446, 456. That was a suit for personal damage against the Rock

Island railroad then in the hands of a receiver appointed by the U. S. District Court of the Northern District of Illinois. Plaintiff filed his suit in the circuit court of Jackson county, Missouri. His attorney later was notified that all claims against the receivership must be filed within a certain time by order of the court; and in pursuance thereof the attorney submitted the claim, but before a hearing was had thereon the plaintiff attempted to withdraw the claim upon the ground it had been filed without his authority. The claim was denied and the property turned back to the railroad company without judicial sale, free and clear of all claims accruing during the receivership, excepting those filed with the receiver prior to a given date and allowed. At the trial in the circuit court of Jackson County, defendant contended plaintiff was estopped by the said judgment of the U. S. District Court rendered upon the report of a special master, from further prosecuting the case, and the final decree of that court in discharging the receivership absolved the property of the railroad company from liability upon the claim. The proof showed the claim had been submitted to the receivership court without plaintiff's authority. Our Supreme Court said (l. c. 456) :

"It must be held, therefore, that those provisions of the decree are not binding on respondent, if his appearance in the district court was unauthorized."

Recovery was permitted on the ground the plaintiff was never a party in the receivership court, because the claim had been filed without plaintiff's authority and because there had been no judicial sale. [See also, Railway Co. v. Johnson, 151 U. S. 81.]

Plaintiff also cited the case of Carr v. Barnes, 120 S. W. 705, 708, wherein this court held:

"By the filing of the petition in bankruptcy, the adjudication that the petitioner was bankrupt and the presentation by plaintiff of his demand in proper form, the bankruptcy court obtained complete jurisdiction over the parties, subject-matter, and demand, and, being possessed of such jurisdiction, the regularity of its proceedings cannot be questioned in a collateral attack. If there were irregularities in the procedure, they could be utilized to the advantage of defendant only in a direct proceeding."

However, that was a suit in a bankruptcy court and, of course, the court had complete jurisdiction over the subject-matter, the persons and the demand. The question in the case at bar is whether the district court of Shawnee County, Kansas, had jurisdiction over the property in the State of Missouri. Defendant's position is that the Kansas court did not have such jurisdiction, and if this be true, this appeal must fail. The general rule is stated in 3 Cyc. 504, as follows:

168

"Any action on the part of defendant, except to object to the jurisdiction, which recognizes the case as in court, will amount to a general appearance."

This general rule was cited in State ex rel. v. Falkenhainer, 274 S. W. (Mo.) 762. [See also, State ex rel. v. Sale, 232 Mo. 166, 132 S. W. 1119; Cook v. Printing Co., 127 S. W. (Mo.) 332; Coleman v. Lucksinger, 123 S. W. (Mo.) 441.] Section 60-2515, Revised Statutes, Kansas, 1923, provides:

"An acknowledgment on the back of the summons, or the voluntary general appearance of a defendant is equivalent to service."

. See on this point, Hembrow v. Winsor, 87 Kans. 714.

It is urged that receivership proceedings, being suits in equity, are proceedings *in personam*, and when the court acquires jurisdiction of the persons, it may adjudicate their property rights regardless of where the property is situated. [Citing Fulton v. Fisher, 239 Mo. 116, 143 S. W. 438; French v. McCready, 57 S. W. 894.] In the case last cited it was held the receiver is not limited to sell only the property in his possession where, of course, the court had jurisdiction. Therefore, the first question for our determination is whether, by filing its claim with the receivership court in Kansas, defendant has placed itself and the subject-matter in controversy generally within the jurisdiction of the District Court of Shawnee County, Kansas. Plaintiff insists the defendant has so placed itself, while defendant urges it has not. It is defendant's position that plaintiff, as a purchaser of property at a receiver's sale obtains no better title thereto than the receiver had. This, we think, is the rule.

. In this connection it is argued that, as shown by the record, the application to the District Court of Shawnee County, Kansas, was for the sale of the property then "in the charge and control of the receiver" and the order of sale recites it shall "apply to all property now in charge and control of the receiver" and directs the receiver to deliver to plaintiff "all the property above described now in his possession;" that the property in issue was, at all times prior to and during the receivership, outside the State of Kansas and the jurisdiction of the said District Court of Shawnee County, Kansas, and was in the possession of defendant; that, if the receiver desired to sell the patterns situated in Missouri, under the charge and control of one who claimed them adversely, it was his duty to come into Missouri and obtain possession of them prior to the order of sale—and this he did not do. Should he do this the action would be treated as one by the receiver to recover the property, and the presumption would be indulged that he was duly appointed receiver, had qualified and that the Kansas court making the appointment had jurisdiction so to do. The record fails to show this was done.

This position is taken by defendant in an attempt to show the receiver had no title to the property and could convey none to plaintiff. In support of this view defendant cites the case of Waters-Pierce Oil Co. v. Bell, 71 Mo. App. 153, 656, 657. In that case Bell, as receiver of a foreign corporation appointed by a foreign jurisdiction, sought, by an action brought in Missouri, to recover property of such corporation found in this jurisdiction. The court held Bell's appointment by the Arkansas court could confer no powers upon him beyond the territorial jurisdiction of that court, and, as a matter of right, the courts of this State are not bound to recognize him as receiver. The court further held that while the rule is as just stated, the courts of this State may, as an act of favor or comity, permit a receiver appointed by a foreign jurisdiction to sue in the courts of this State for the recovery of specific property. But this favor, or comity, will not be indulged where to grant it would operate to permit the receiver to take out of this State property to the injury of domestic creditors; that he should satisfy the domestic creditors before applying to our courts in carrying away such property.

Plaintiff argues defendant is estopped from asserting his lien by reason of the fact that after the appointment of the receiver he presented his claim for the amount of invoices previously shipped. However, while said claim was allowed for $260 by the receiver, none of it was ever paid. We think, under the law, estoppel would not arise except in the receivership proceedings where an inconsistent right was attempted to be sought. In point is the ruling in Zacher v. Trust Co., 106 Fed. 593, as follows:

"The lien of a creditor attaching property of a Connecticut corporation in Kentucky after appointment of a receiver for it by a Connecticut court—the receiver not being vested with the property or powers of the corporation,—is not displaced by the subsequent general assignment to the receiver by the corporation. [Syl. 2.]

"A creditor attaching property of a corporation in one state is not estopped to assert his right to it, as against the receiver of a corporation appointed in another state, by reason of filing his claim in the proceedings in the latter state; he not having ceased to assert his right to the attached property." [Syl. 4.]

We hold the receiver had no title to, nor possession of the patterns involved in this suit, and therefore could convey no title to plaintiff.

This brings us to the question of the effect of defendant's action in filing its claim for allowance thereof with the receiver. Plaintiff insists that its effect is that of a general appearance, while defendant is of contrary opinion. 1 Bouvier's Law Dict., p. 212, defines appearance as "a coming into court as a party to a suit, whether

as plaintiff or defendant." The same authority classifies appearances as compulsory, conditional, *de bene esse*, general, etc. We need consider only general appearance under plaintiff's point mentioned. General appearance has been defined as "a simple and absolute submission to the jurisdiction of the court." [Bouvier.] A general appearance waives all questions as to service of process and is equivalent to personal service; but it does not cure want of jurisdiction of the subject-matter. [Wheelock v. Lee, 74 N. Y. 495; Railroad v. Loughmiller, 193 Fed. 689.] It is not disputed that if defendant entered a general appearance in the District Court of Shawnee County, Kansas, in the receivership matter, he thereby gave that court jurisdiction to make a final and complete adjudication of any claim defendant might have against the property in the custody of that court or its proceeds.

We adopt the rule announced in Zacher v. Trust Co., supra, together with the definition and character of a general appearance and hold defendant did not enter its appearance for the purpose of having its lien claim adjudicated by filing its claim for allowance of the product shipped.

Plaintiff urges the court erred in admitting evidence tending to show that the property in controversy was left with defendant under special agreement constituting a pledge, because facts which would constitute a special lien were not pleaded. The answer charges defendant has a lien on the patterns in question. At the hearing, defendant proceeded to introduce testimony over objections of plaintiff, tending to show there was an agreement between defendant and the agent of the Scott Weighing Machine Company who had delivered the patterns to defendant, to the effect that the latter might hold same for payment of its bills.

Defendant was not required to plead its evidence and under the allegation in the answer, the court did not err in admitting such testimony which, if believed by the court, furnished the constitutive elements of a special lien. This ruling is held not to be contrary to the opinion of the Supreme Court in Chemical Works v. Nemnich, 169 Mo. 388, 69 S. W. 355.

It is further charged the court erred in not finding defendant's pleadings failed to set out facts entitling defendant to a lien of any kind. We hold the answer pleaded a lien and this affords sufficient basis for the court's failure to make a finding to this effect.

We find no reversible error of record, and the judgment accordingly is affirmed. *Bland, J.*, concurs; *Trimble, P. J.*, absent.