MARY TRUESDALE, Appellant, v. ST. LOUIS PUBLIC SERVICE COMPANY, a Corporation.—107 S. W. (2d) 778.

Division One, June 30, 1937.

*Moser, Marsalek & Dearing* for appellant.

404

*T. E. Francis* and *Woodward & Evans* for respondent.

BRADLEY, C.—This is an action to recover from defendant $11,742, with interest, the amount of a judgment for personal injuries, in favor of plaintiff and against Rolla Wells, receiver of the United Railways Company of St. Louis. The present case was tried without a jury, and at the close of the whole case the court sustained a demurrer to the evidence and rendered judgment for the defendant. From this judgment plaintiff appealed.

Plaintiff's petition recites the history of the receivership proceedings; details the injuries she received, and alleges that she obtained a judgment against the receiver for $11,742. The petition also recites the foreclosure proceedings affecting the United Railways Company, and the sale of its properties to the present defendant under the Federal Court decree, and pleads the relevant substance of the sale decree. The answer denied liability for plaintiff's judgment on the ground that she did not present her claim to defendant within six months after it came into the possession of the United Railways Company's properties under its purchase; and also alleged that the judgment in favor of plaintiff and against the receiver was wholly void, because it was rendered *after* the receiver

had been finally discharged. Also, defendant alleged that to require it to pay plaintiff's judgment would be depriving it of its property without due process, and denying to it the equal protection of the law, in violation of the Fourteenth Amendment, Constitution of the United States.

December 14, 1925, plaintiff was injured while a passenger on a street car of the United Railways Company of St. Louis. At that time the United Railways Company was being operated by Rolla Wells, as receiver of said company, under appointment by the United States District Court in St. Louis. March 18, 1926, plaintiff filed suit in the Circuit Court of St. Louis, against the receiver to recover damages for her injuries, and process was duly served, and the receiver filed answer. Thereafter, and on April 1, 1927, and while plaintiff's case was pending in the State Court, the Federal District Court entered a final decree for the sale of the street railway system and properties of the United Railways Company, which decree provided that "the purchaser shall be required to pay or discharge, or provide for the payment or discharge of . . . injury and damage claims against" the receiver. August 1, 1927, defendant in the present case became the purchaser of all the properties of the United Railways Company, and as such purchaser, it was required, under the conditions set forth in the sale decree, to "pay or discharge, or provide for the payment or discharge of . . . injury and damage claims against" the receiver.

The Federal Court decree of sale further provided: "The holder of any claim against the receiver shall present the same for payment to the purchaser within six months after the purchaser of said property is placed in possession thereof, or else be forever barred."

August 17, 1927, the sale of the United Railways Company properties to defendant was approved by order of the Federal Court, subject to all the terms and conditions of the decree of sale, and defendant took possession of these properties November 30, 1927. The receiver's final report was filed May 28, 1928, and on that date he was discharged.

October 15, 1928, plaintiff's case in the State court for damages was called in Division 1, and both sides announced ready. The case was then, and on the same day, assigned to Division 9. The announcement, in Division 1, for the defendant was made by Mr. Stanton, an attorney then representing the St. Louis Public Service Company. The present defendant's legal department was informed (by telephone, we assume) of the announcement, and when the case was taken up in Division 9 (on same day as the announcement in Division 1), Mr. Dickson, one of the then attorneys for the present defendant, stated to the court that plaintiff "had not provided

the steps necessary to bring the St. Louis Public Service Company into court, and so far as the St. Louis Public Service Company is concerned, it is not a party defendant of record, and I appear merely to make that announcement." Upon this announcement, Mr. Marsalek, representing plaintiff, said: "The St. Louis Public Service Company is either in this case or out. If out, then let them walk out—let their attorneys go and let us get our default." The attorneys representing the St. Louis Public Service Company walked out, and plaintiff got a judgment against the receiver for $11,742.

The present case was filed May 5, 1930, and was tried June 29, 1933. Defendant contends, as it alleged, that plaintiff's judgment against the receiver is, under the facts, void, because at the time of its rendition the receiver had been discharged, and it is also contended that plaintiff cannot, in any event, recover because of her failure to *present* her claim within the required six months to the defendant, purchaser of the properties of the United Railways Company under the decree of the Federal Court. That the receiver had been discharged and that plaintiff so knew, when she obtained her judgment, is not disputed. If the judgment was utterly void as a liability against the receiver in his official capacity, then its validity can be challenged in this collateral proceeding. [Meramec Spring Park Co. v. Gibson, 268 Mo. 394, 188 S. W. 179, l. c. 181; Feurt v. Caster, 174 Mo. 289, 73 S. W. 576; Edmonds v. Scharff, 279 Mo. 78, 213 S. W. 823, l. c. 826; Drake v. Kansas City Public Service Company, 226 Mo. App. 365, 41 S. W. (2d) 1066, l. c. 1068; 15 R. C. L., sec. 314, p. 840.]

Plaintiff contends that her judgment against the receiver is a valid judgment, and in this connection, calls our attention to Section 904, Revised Statutes 1929 (Mo. Stat. Ann., sec. 904, p. 1183). This section provides: "When an interest is transferred in any action now pending, or hereafter to be brought, other than that occasioned by death, marriage or other disability of a party, the action shall be continued in the name of the original party, if the party to whom the transfer is made will indemnify the party in whose name the suit is to be continued against all costs and damages that may be occasioned thereby, or the court may allow the person to whom the transfer is made to be substituted in the action; and in all such cases, the party to whom the transfer is made shall be required by the court, upon application of the party who made the transfer, either to give such indemnity or to cause himself to be substituted in the action, and upon his omission to do so, the court shall order the suit to be dismissed."

The same question, in principle, as here was ruled in Shepherd v. St. Louis Public Service Company (C. C. A. 8th), 64 Fed. (2d) 612. That case involved a judgment for $2000 in the State court,

against the receiver of the United Railways Company, and in favor of Shepherd, and in that case the receiver filed an answer, as was done in the present plaintiff's case. Plaintiff Shepherd, instead of filing suit in the State court against the St. Louis Public Service Company, as did plaintiff in the present case, to recover the amount of his judgment, proceeded by filing a petition of intervention in the Federal Court where all the receivership proceedings were had. The petition was dismissed and Shepherd appealed. The opinion of the Circuit Court of Appeals quoted Section 904, supra, and of it said:

"Apparently, this section gives no right to an opposing party to compel either the indemnity or the substitution. In fact, it does not allow the transferor to compel either. The only compulsion is that the suit shall be dismissed unless the transferee does one or the other when 'required' so to do on the application of the transferor. It is difficult to see how this section can have any practical application to a defendant since it, obviously, leaves in the power of the transferee complete freedom to enter the suit, or not, as he sees fit, and, just as clearly, it would rarely or never be to the disadvantage of a defendant to have the suit dismissed. But suppose that the section can be construed to include defendants, yet there is no claim here that the action required by the section has been complied with. The transferor here is the receiver, and the transferee, the purchaser. The receiver has clearly taken no steps to have the purchaser either indemnify him or be substituted in his place, and the purchaser has not done either. Therefore, this section is of no avail to appellant."

In the Shepherd case the court pointed out "that there is a line of cases holding that where property in receivership is not sold, but is returned to the owner," a suit against the receiver does not abate upon his discharge, and illustrative of this line of cases the court refers to Texas & Pacific Ry. v. Johnson, 151 U. S. 81, 14 Sup. Ct. 250, 38 L. Ed. 81, and Texas & Pacific Ry. Co. v. Bloom's Admr., 164 U. S. 636, 17 Sup. Ct. 216, 41 L. Ed. 580. And Judge STONE, in the Shepherd case, says (64 Fed. (2d) 615): ". . . There is no case (where the property was sold) with the possible exception of one in Colorado (Denver & R. G. Railroad Co. v. Gunning, 33 Colo. 280, 80 Pac. 727), which holds that a judgment secured after the discharge of a receiver and without substitution of the purchaser is valid against the purchaser."

In the Shepherd case the court cited Stuart v. Dickinson, 290 Mo. 516, 235 S. W. 446, and said: "In that case an action was brought against a company in receivership and the receiver. Prior to the trial, the property was turned back to the company and the receiver discharged. The judgment was against both the receiver and the

company. The court upheld the judgment as to the company on the authority of the Bloom case, supra; but as to the receiver, its holding (page 551 of 290 Mo., 235 S. W. 446, 457) was as follows: 'The receiver's demurrer to the evidence should have been sustained. "It is well-settled law that suits against a receiver are in effect only against the receivership; he being regarded as in the nature of a corporation sole. Such suits are against the funds in his hands. His contracts, misfeasances and negligence (apart from personal misconduct or personal negligence) are official, not personal, judgments against him, are payable only from the property or money in his hands, and his discharge as receiver absolutely puts an end to his liability." [Smith v. Lumber Co. (D. C.) supra, 200 Fed. l. c. 650, and cases cited.] Respondent suggests that the continuance of the receiver as a party defendant, notwithstanding his discharge, is proper because the effect and validity of the judgment rendered by the District Court in his favor and against plaintiff is at issue. If this were a direct action to set aside that judgment the position might be tenable, but in this proceeding the judgment can be just as effectually interposed as a defense by the railway company on the one hand and its validity assailed by the plaintiff on the other without as with the receiver being a party.' "

The court in the Shepherd case (64 Fed. (2d) l. c. 616) further ruled: "Therefore, because Section 904 of the Missouri statutes does not protect this judgment, and because the common law, as construed both by the Supreme Court of the United States, in the Bloom case, and by the Supreme Court of Missouri, in the Stuart case, declared that a judgment against a discharged receiver, where the receivership estate has been sold, is invalid, this judgment must be regarded as entirely void."

Plaintiff argues that the Shepherd case is to be distinguished from her case in these particulars: (1) That the St. Louis Public Service Company "did not enter its general appearance" (the reference is to what occurred in plaintiff's case against the receiver in Divisions 1 and 9 of the Circuit Court of St. Louis) in Shepherd's suit against the receiver, as it did in the Truesdale suit, and therefore, there was no basis for the application of Section 904, Revised Statutes 1929, to the situation; (2) that Shepherd failed to claim the benefit of Section 4690, Revised Statutes 1929, and Title 28 U. S. Code, sections 124, 125; (3) that "no contention was made in Shepherd's behalf that the discharge of the receiver could be raised only by answer;" and (4) that "the effect of the failure to publish any notice of the provision of the final decree (of sale) requiring claimants to present their claims to the St. Louis Public Service Company" in the six months, was not determined. We might state here that in the notice of sale of the United Railways Company's

properties, there was no mention of that provision in the decree of sale requiring claimants to present their claims to the purchaser within six months after the purchaser took possession.

We agree with the ruling in the Shepherd case that Section 904, Revised Statutes 1929, has no application. Section 4690, among other things, provides that when any railroad, street railway, etc., corporation, owning or operating any railway in this State shall sell, consolidate, lease or assign such or any part or interest therein, to any other railroad company, person or persons, such purchaser, lessee or assignee "shall take and hold the same subject to the payment of all judgments, claims, debts, liens and liabilities existing against" the seller, lessor or assignor. Defendant contends that Section 4690 is not applicable, because the defendant in the present case did not purchase *from* the United Railways Company within the purview of said Section 4690. Also, defendant says that plaintiff in the present cause does not base her petition upon said section, but upon the decree of the Federal District Court. Whether or not Section 4690 is applicable to defendant's purchase is not important, because the decree of sale burdens defendant with all liabilities provided for in Section 4690. Sections 124 and 125, Title 28, U. S. C. A. have reference respectively to management of property by receivers appointed by Federal Courts and suits against such receivers, and Section 125 provides that such receivers "may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver . . . was appointed." There is no point here about the right of plaintiff to *sue* the receiver for damages resulting from her injury. There is nothing, as we perceive, in either of these sections that aids plaintiff. We do not think it necessary to discuss the third and fourth alleged distinguishing features of the Shepherd case, and this because, if plaintiff's judgment against the receiver, when rendered, was void, then whatever the receivership proceedings were, including lack of published notice that claimants were required to present their claims to the purchaser within the six months, could not give life and vitality to plaintiff's judgment. The terms of the decree of sale imposing upon defendant the obligation to pay claims, contemplates *valid* claims, and plaintiff's case in any event, would depend upon the validity of her judgment against the receiver. We have examined the case of Denver & R. G. Railroad Co. v. Gunning, 33 Colo. 280, 80 Pac. 727, mentioned in the opinion in the Shepherd case as a "possible exception" to the general rule that pending causes against a receiver abate where property in receivership is not returned to the owner, but is sold in the receivership proceedings, and the receiver discharged. As we read that case, it was not necessary to rule the question, because

the purchaser of the railroad in receivership was joined as a defendant in the trial of the case.

It appears, as above stated, that there was an announcement of "ready" by an attorney for the present defendant when plaintiff's damage suit was called in Division 1 of the circuit court, and plaintiff, in the present case, contends, in effect, that such circumstance, with what follows presently, was equivalent to an entry of appearance by the present defendant in said damage suit. The reporter's transcript of the proceedings in plaintiff's damage suit in Division 9 gives the venue, style of the case, and then follows the usual "Be it remembered," etc., and then this:

"Appearances: Messrs. Marsalek, Stalhuth & Godfrey, by Mr. Marsalek, appeared for the plaintiff. T. E. Francis, Esq., by Sam McChesney and Jos. Dickson, Esq., appeared for the defendant, St. Louis Public Service Company."

It will be conceded that the present defendant took no part in the trial of plaintiff's damage suit, but "walked out" as plaintiff's counsel suggested. It was held in Bell v. Brinkmann, 123 Mo. 270, 27 S. W. 374, that, where a party was not served with process, a recital in the judgment that "now, at this day come the said parties, by their respective attorneys" is no evidence of the appearance of the party not served. [See, also, Little v. Browning et al., 287 Mo. 278, 230 S. W. 92.]

Plaintiff's case is ably briefed, and we have examined the cases cited on the proposition that her judgment against the receiver is valid, but we find no support for the proposition. We are constrained to rule that the judgment is void *ab initio*. Reaching this conclusion, it is not necessary to consider other questions.

The judgment should be affirmed, and it is so ordered. *Ferguson* and *Hyde, CC.,* concur.

PER CURIAM:—The foregoing opinion by BRADLEY, C., is adopted as the opinion of the court. All the judges concur.