Margherita LA PRESTO, Respondent,

v.

Louis LA PRESTO, Appellant.
No. 44768.

Supreme Court of Missouri.

Division No. 2.

Dec. 12, 1955.

Motion to Transfer to Court en Banc or for Rehearing Denied Jan. 9, 1956.

Gerwitz & Seegers, G. L. Seegers, St. Louis, for appellant.

Robert W. Herr, St. Louis, for respondent.

STOCKARD, Commissioner.

This is an appeal from an order overruling a motion to quash a writ of execution.

In 1953 Margherita LaPresto brought suit against Louis LaPresto, her husband, for support and maintenance. The defendant was personally served but he filed no answer. On May 3, 1954, after defendant was in default approximately six months, trial was had on the merits, and on June 1, 1954 the court entered judgment and ordered defendant to pay to plaintiff "as and for her support and maintenance, the sum of $15,000 in gross." No attorney appeared for defendant at the trial, and he filed no motion for new trial and took no appeal. Execution was issued July 28, 1954 and certain real estate of the defendant was sold September 1, 1954, in partial satisfaction of the judgment.

Almost three months after the entry of the judgment, and the day before the execution sale, defendant filed a motion to quash the execution and to set aside the order of sale which the court subsequently overruled. This motion was a collateral attack on the judgment. Gary Realty Co. v. Swinney, 317 Mo. 687, 297 S.W. 43. The amount in dispute (the monetary value to

either party of the relief granted or denied) is determined by the amount for which the execution was issued, in this case, $15,000. Flynn v. Janssen, Mo.Sup., 266 S.W.2d 666; Rostenberg v. Rostenberg, Mo.App., 199 S.W.2d 894.

There is no contention that the court did not have jurisdiction of the parties or the subject matter of the suit, that is, support and maintenance. Appellant's position is that an award of a lump sum or of an amount in gross in a suit for support and maintenance "is improper and should not be permitted except in unusual cases."

As a general rule a judgment rendered by a court having jurisdiction of the parties and the subject matter, unless reversed or annulled in some proper proceeding, is not open to contradiction or impeachment in respect to its validity or binding effect in any collateral proceeding. 49 C.J.S., Judgments, § 401; Brand v. Brand, Mo.Sup., 243 S.W.2d 981; Jefferson City Bridge & Transit Co. v. Blaser, 318 Mo. 373, 300 S.W. 778; Aufderheide v. Aufderheide, Mo.App., 18 S.W.2d 119; Davis v. Morgan Foundry Co., 224 Mo.App. 162, 23 S.W.2d 231; Hocken v. Allstate Ins. Co., 235 Mo.App. 991, 147 S.W.2d 182. But a judgment which is void on the face of the record is entitled to no respect, and may be impeached at any time in any proceeding in which it is sought to be enforced or in which its validity is questioned by anyone with whose rights or interests it conflicts. 49 C.J.S., Judgments, § 401; Faris v. City of Caruthersville, 349 Mo. 454, 162 S.W.2d 237; Davison v. Arne, 348 Mo. 790, 155 S. W.2d 155; Truesdale v. St. Louis Public Service Co., 341 Mo. 402, 107 S.W.2d 778, 112 A.L.R. 135. A judgment may be void because the record discloses on its face that the court exceeded its jurisdiction and rendered a particular judgment which it was wholly unauthorized to render under any circumstances, and in such event the rule against collateral attack does not apply. 49 C.J.S., Judgments, § 428; Gray v. Clement, 296 Mo. 497, 246 S.W. 940; Burns v. Ames Realty Co., Mo.App., 31 S.W.2d 274; Ecton v. Tomlinson, 278 Mo. 282, 212 S.W. 865.

Appellant apparently concedes that the trial court did have jurisdiction to enter a judgment for an amount in gross for support and maintenance under certain circumstances, and this court has so held. In Pickel v. Pickel, 291 Mo. 180, 236 S.W. 287, a judgment for support and maintenance in gross in the sum of $10,000 was approved without discussion. However, in Wagoner v. Wagoner, 306 Mo. 241, 267 S.W. 654, the question of the jurisdiction of the trial court to enter a judgment for support and maintenance in gross was placed directly before this court upon application of the husband who sought to have his liability for support and maintenance fixed at a definite sum. In the Wagoner case it was held that the statutory authority for support and maintenance, now Section 452.130 RSMo 1949, V.A.M.S., does not prohibit the granting of support and maintenance in gross, and that the powers of the trial court in such actions are broad and discretionary. It was further held that not only did the trial court have jurisdiction to enter a judgment for support and maintenance in gross, but that under the circumstances presented there was no erroneous exercise of jurisdiction by the trial court.

In the present case the trial court had jurisdiction of the parties and of the subject matter of the cause of action, and it was not without jurisdiction under any circumstances to enter a judgment for support and maintenance in gross. Therefore, the judgment is not void on the face of the record, Flynn v. Janssen, Mo.Sup., supra, and may not be collaterally attacked.

In an effort to avoid this result, appellant urges that a judgment for support and maintenance in gross should not be permitted except in "unusual cases" and that this is not such a case. He goes to considerable length to distinguish the facts of this case from those of Pickel v. Pickel and Wagoner v. Wagoner. However, a judgment of a court having jurisdiction cannot be impeached collaterally by showing that the evidence on which it was based would have been insufficient on appeal to sustain the judgment. Baum-

gartner v. Cloud, Mo.App., 218 S.W.2d 793; 49 C.J.S., Judgments, § 432. A motion to quash an execution cannot be substituted for an appeal. Flynn v. Janssen, supra; Baumgartner v. Cloud, supra. In Kristanik v. Chevrolet Motor Co., 335 Mo. 60, 70 S.W.2d 890, 894, this court quoted from Rivard v. Missouri Pacific Railway Co., 257 Mo. 135, 165 S.W. 763, as follows: " 'The failure to distinguish between "the erroneous exercise of jurisdiction" and "the want of jurisdiction" is a fruitful source of confusion and errancy of decision. In the first case the errors of the trial court can only be corrected by appeal or writ of error. In the last case its judgments are void, and may be assailed by indirect as well as direct attack. * * * the judgment of a court of general jurisdiction, with the parties before it, and with power to grant or refuse relief in the case presented, though (the judgment is) contrary to law as expressed in the decisions of the Supreme Court or the terms of a statute, is at most only an erroneous exercise of jurisdiction, and as such is impregnable to an assault in a collateral proceeding.' " In this proceeding we are not entitled to and shall not review the evidence to determine if there was an erroneous exercise of jurisdiction by the trial court.

Appellant next contends that the judgment is void because the trial court granted relief greater and other than that prayed for in the petition. The prayer was for "such reasonable sum each month for her support and maintenance as will enable the plaintiff to live according to a standard commensurate with the defendant's earnings and the parties' station in life. * * * and for such other and further orders as to the court may seem meet and proper." While an action for separate support and maintenance is an action at law, it is based on equitable principles. Wright v. Wright, 350 Mo. 325, 165 S.W.2d 870. The relief granted was consistent with the allegations in the petition, and the court was not circumscribed by the prayer, it being no part of the petition. Woods v. Cantrell, 358 Mo. 1006,

218 S.W.2d 613; see also Annotation 12 A.L.R.2d 340 at page 346, § 6. If the award did not follow exactly the prayer for relief, this is a mere irregularity and does not render the judgment void and subject to collateral attack. Meierhoffer v. Kennedy, 304 Mo. 261, 263 S.W. 416.

Appellant also contends that the judgment "should be considered void" because there was an undisposed of motion pending at the time of the trial. On October 21, 1953 respondent filed a motion for alimony pendente lite, suit money and attorney fees. On December 11, 1953 it was "passed" with no definite time being set for a hearing and the record discloses no ruling on this motion. An authorized undisposed of motion filed by defendant prevents the entry of a default judgment against him, Puckett v. Swift & Co., Mo. App., 229 S.W.2d 713, but this motion, filed by plaintiff and not affecting her claim or right to proceed with the cause of action, could not have that effect. In addition, appellant was in default and had been in default for approximately six months. He is in no position to complain in this proceeding that without notice to him respondent did not obtain a ruling on the motion before proceeding to trial on the merits of her case. When the court has jurisdiction of the subject matter and acquires jurisdiction of the parties, irregularities (if the above may be so considered) in the subsequent proceedings do not make the decree void or subject to collateral attack. 49 C.J.S., Judgments, § 431; Schneiderheinze v. Berg, 269 Mo. 263, 190 S.W. 593; Virgin v. Kennedy, 326 Mo. 400, 32 S.W.2d 91.

Appellant's last contention is that the evidence fails to support a judgment for $15,000. This is a matter that should have been presented on appeal. When, as here, the court entering the judgment has jurisdiction, the possible erroneous exercise of that jurisdiction is not subject to review on a motion to quash an execution to enforce the judgment. Baumgartner v. Cloud, supra.

The trial court properly overruled the motion to quash the execution. The judgment is affirmed.

BOHLING and BARRETT, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All concur.