BERNICE HURLBURT, Administratrix of Estate of
WILLIAM W. HURLBURT, v. B. F. BUSH,\Re-
ceiver of MISSOURI PACIFIC RAILWAY COM-
PANY, Appellant.

Division Two, September 15, 1920.

1. **GENERAL AND SPECIFIC ACTS: Interpretation: Exception.**
Where there is an apparent contradiction or conflict between a
general and specific statute relating to kindred subjects, whether
in the same or in different legislative acts and regardless of
priority of enactment, they should be so construed that both may
subsist, the specific statute being regarded as qualifying or sup-
plying exceptions to the general. And especially should this be
the rule where the general statute contains words specifically ex-
cepting the special act from its operation.

2. ————: **Kansas Compensation Act: Railroad Employers' Liability
Act: Injury to Engineer.** The Kansas Railroad Employers' Liability
Act of March 7, 1911, relating to the operation of railway "engines,
cars and trains," is an exception to the Kansas Workmen's Com-
pensation Act of March 14, 1911, relating to the compensation of
servants for personal injuries while engaged in any hazardous
employment, except agricultural pursuits and interstate commerce,
etc.; and an action for the recovery of damages for the death of
an engineer who was killed in intrastate commerce when his en-
gine left the track, should be based upon and is governed by said
former special act.

3. **NEGLIGENCE: INSTRUCTION: Comment on Evidence.** Where
plaintiff's husband was killed when the engine on which he was
engineer left the track at a curve, clauses in the instruction that
"if you find that the roadbed at the place in question was ballasted
with dirt and by reason thereof was inadequately and insufficiently
ballasted" and "if you further find that the rails on said road
were fifty-six-pound rails and were old and worn and were too
light and insufficient to sustain the weight of the trains and en-
gines running over them," are not improper comment on the
evidence, but simply hypothesize the facts the jury must find be-
fore they are authorized to conclude that the track was insuf-
ficiently ballasted or the rails too light to sustain the weight of
the engine.

Hurlburt v. Bush.

3. ———: ———: Measure of Damages: Loss of Husband and Father. The measure of damages, in an action brought by the administratrix for herself as widow and for her children for the death of a husband and father in Kansas, is his income or present worth to his family at the time of his death; and the instruction on the subject, set out in full in this case, does not authorize a recovery "in such lump sum as the family had reasonable grounds to expect from the deceased," as contended by defendant, but such sum as will reasonably compensate the widow and children for any necessary pecuniary loss sustained by them by reason of his death, taking into consideration his age, habits, earnings, personal expenses and expectancy in life and the age of the members of his family.

4. ———: ———: ———: ———: Limited in Application. If defendant desires that an instruction on the measure of damages, correct in its general expressions, should be qualified or limited in its meaning, he should request an instruction to that effect.

5. APPELLATE PRACTICE: Waiver. Subordinate contentions made at the trial, but omitted from the assignment of errors and in no wise referred to in appellant's brief, are to be regarded on appeal as abandoned.

Appeal from Jackson Circuit Court.—*Hon. W. O. Thomas*, Judge.

AFFIRMED.

*Edward J. White, Thomas Hackney* and *Leslie A. Welch* for appellant.

(1) Statutory causes of action for death under Kansas laws are enforced in Missouri only on grounds of comity. Newlin v. Railroad, 222 Mo. 391; Yost v. Railroad, 245 Mo. 234; Woodard v. Bush, 282 Mo. 163. (2) Plaintiff's only remedy for the death of Hurlburt under the Kansas law is the Kansas Compensation Act of 1911 as amended in 1913. Frere v. M. K. & T. Ry. Co., 94 Kan. 57; Unrine v. Salina Railroad Co., 104 Kan. 236; Benson v. Bush, 104 Kan. 198; C. R. I. & P. Ry. Co. v. Fuller, 105 Kan. 608; Shade v. Cement Co., 92 Kan. 146; McRoberts v. Zinc Co., 93 Kan. 364. (3) Plaintiff's instruction C-1 would have been erron-

eous, because it illegally commented on the evidence, even if the Compensation Act had not been applicable to this action. (4) Plaintiff's instruction number four authorized an illegal and improper measure of damages, even if the Compensation Act had not controlled this action. Chesapeake & Ohio Railroad Co. v. Keely, 241 U. S. 485, 36 S. C. Rep. 633; Smith v. Pryor, 195 Mo. App. 259, 265.

*Atwood, Wickersham, Hill & Popham* for respondent.

(1) Defendant admitted deceased Hurlburt was engaged in the scope of his employment in working for the defendant in carrying on intrastate commerce at the time he received his mortal injury. Defendant's liability is to be measured by the Kansas Railroad Employer's Liability Act of March 7, 1911 (Laws 1911, pp. 437 to 438, General Statutes Kansas 1915, secs. 8480 to 8485.) The Workmen's Compensation Law of 1911 passed by the same Legislature a week later does not apply, because Section 48 of this Act (R. S. 1915, Sec. 5942) clearly, unconditionally and unequivocally excepted from its operation the Railroad Act under which this case was tried. The Railroad Act has been repeatedly interpreted and applied by the Supreme Court of Kansas since its enactment. Defenbaugh v. Union Pac. Railroad Co., 102 Kan. 572; Ballou v. Railroad, 95 Kan. 763; Rockhold v. Railway Co., 97 Kan. 719; Rask v. Railroad, 103 Kan. 443. (2) Since the language of the saving clause or exception in the Workman's Compensation Act of 1911 is clear and unambiguous, there is nothing left for this court to do but to follow the plain direction of the statute. The courts of last resort and textwriters are unanimous in their declaration of this principle of law, applicable to the facts shown by the record. 25 Ruling Case Law, sec. 217, p. 961; 1 Fed Statutes Anno. (2 Ed.), sec. 142, p. 164; 36 Cyc. 1114, 1150, 1151; 2 Lewis's Sutherland on Statutory Construction (2 Ed.),

p. 698, sec. 366; Shank v. State, 108 N. E. 521; State ex rel. Green County v. Giddeon, 199 S. W. 948; C. C. & St. L. Ry. Co. v. Blind, 105 N. E. 492; State ex rel. v. Amick, 247 Mo. 292; Rushenberg v. So. Elec. R. R. Co., 161 Mo. 85; State ex rel. v. Levitt, 96 Kan. 452. (3) Appellant's objection to plaintiff's Instruction 4 is unmerited. This instruction was in accord with the Kansas law under which this case was tried and is also in line with the law of this State. Forbes v. Railroad, 101 Kan. 480; Warders v. Railroad, 105 Kan. 4; Kansas v. Pacific Railroad Co., 19 Kan. 90; Gas Co. v. Carter, 65 Kan. 569; Barth v. K. C. El. Ry. Co., 142 Mo. 556; Powell v. Railroad, 255 Mo. 454. (4) Every allegation of negligence in plaintiff's petition was proven by an overwhelming weight of the evidence. Counsel for appellant practically admits this, by failing in his brief to discuss the evidence in the case.

WALKER, J.—This is an action for damages for the death of William W. Hurlburt, a locomotive engineer in defendant's employ, on the night of August 11, 1916. Immediately before his death Hurlburt was backing his train over the tracks of the Kansas City Northwestern Railroad near Basehor, Kansas. In going around a curve the engine and tender were derailed and rolled down an embankment, resulting in Hurlburt's death.

The deceased resided in Wyandotte County, Kansas, and his wife was appointed administratrix of his estate in the probate court of that county. As administratrix she brought this action in the Circuit Court of Jackson County, Missouri, February 23, 1917. A trial before a jury resulted in a verdict for plaintiff, December 11, 1917, for $9500. From this judgment defendant appeals to this court.

Plaintiff's petition was in two counts. The first was bottomed on the Railroad Employers' Liability Act of Kansas (Laws 1911, pp. 437-438; 1915 Gen. St. secs. 8480-8485). The second alleged liability under the

Federal Employers' Liability Act. This count was dismissed at the trial and it was admitted that at the time of Hurlburt's death the work in which he was engaged was in the nature of intrastate commerce. It was also admitted that the defendant was operating the railroad in question as a receiver at the time of Hurlburt's death.

The amended answer consisted of a general denial, a plea that the death was caused solely by the negligence of Hurlburt in operating his train backwards at a dangerous and excessive rate of speed, in violation of the rules and regulations limiting backward operations of cars to ten miles an hour, and also a plea of assumption of risk by the deceased. As a bar to plaintiff's right to recover under the Railroad Employers' Liability Act, the defendant pleaded the Workmen's Compensation Act of Kansas, approved March 14, 1911 (Laws of Kansas 1911, pp. 382-398; as amended, Laws 1913, pp. 385-389; 1915 Gen. St. secs. 5896-5942), and also that the Compensation Act applied to the employment in which Hurlburt was engaged at the time of his death; that neither the defendant nor Hurlburt had filed with the Secretary of State of Kansas an election not to accept the provisions of said Compensation Act, and that therefore under its terms these parties had elected to come under same, and it therefore applied to the defendant and Hurlburt. The defendant further pleaded that the Compensation Act fixed the only remedy available for the recovery of compensation for injury or death in the State of Kansas when employer and employee were operating under said act, that it excluded any other remedy than therein provided for the death of said Hurlburt; that said act provided a special and exclusive remedy for the collection of said compensation and established a prescribed method for its presentation, arbitration and enforcement before designated tribunals of claims for compensation, and required the giving of notice of all claims within six months from the date of death, and that such method had not been followed and that no such notice had been given. The answer also

averred that not only was the Compensation Act the only remedy allowed by the laws of Kansas for the collection of compensation for the death of said Hurlburt, but also that said act provided that no action or proceeding thereunder could be brought or maintained outside of the State of Kansas.

Plaintiff in her reply contended that the Workmen's Compensation Act did not apply, but that the Railroad Employers' Liability Act was the sole statute of Kansas governing defendant's liability. Plaintiff's evidence tended to show negligently maintained tracks, roadbed and improper construction at the place of the accident; that the ties were rotten and the spikes loose in the ties; that the rails were light and that there was no elevation on the outside of the curve at the place of the accident; that at this point the track was not ballasted, the ties being laid upon a dirt fill.

Defendant contended that the Railroad Liability Act passed by the same Legislature which enacted the Compensation Act merely afforded a remedy for the recovery of compensation for injuries or death to employees of railroads who had elected not to come under the Compensation Act. Testimony was offered to show that neither the deceased, Hurlburt, nor the defendant, Bush, nor the Missouri Pacific Railway Company had elected not to come under the provisions of the said Compensation Act.

It was also shown that a rule of the defendant (Q.14) limited the speed of engines running backwards at the point of this accident to ten miles per hour, and that at the time of his death Hurlburt, with his train crew of five men, was running his train, consisting of engine, tender, five empty cars and one caboose, backwards at a speed of from ten to fifteen miles per hour, when the tender jumped the track and caused the engine to roll down an embankment and kill him instantly.

At the conclusion of all the evidence the defendant requested an instruction to the effect that since it appeared that neither the deceased nor the defendant ever

filed an election not to be governed by the Kansas Workmen's Compensation Act, said law governed the rights of plaintiff and all liabilities of defendant for damages on account of the death of said Hurlburt, and therefore plaintiff could not recover. This instruction was refused. The defendant also asked a peremptory instruction directing the jury to find the issues for the defendant, which was also refused, and the case was submitted to the jury on the theory that the action was governed by the Railroad Employers' Liability Act instead of the Compensation Act, with the result stated.

I. Defendant contends that plaintiff's action was improperly based upon the Kansas Railroad Employers' Liability Act of March 7, 1911, otherwise designated as

Sections 8480-8485, G. S. Kan. 1915, which it

**Statute Applicable.** is alleged, was repealed by the Workmen's Compensation Act of March 14, 1911, otherwise designated as Sections 5896-5942, G. S. Kan. 1915.

The former act, without doing violence to its terms and within the purview of the legislative enactment as therein indicated, may be designated as an act special in its application to liabilities in cases of injury to employees of corporations operating railroads.

The latter act was adopted in 1911, one week after the passage of the former. It is a general law providing compensation for servants while engaged in the task of their master in all hazardous employments in the State of Kansas where more than five persons are employed in any business, except it does not apply to farmers and persons engaged in agricultural pursuits, or to business or employments which are according to law engaged in interstate commerce and thus not subject to the legislative power of the State. It applies to the operation of mines, regardless of the number of men employed.

The definitive clause of this act (Sec. 5903) contains the following provisions in regard to railroads:

"Railways include street railways and interurbans. Employment on railways includes work on depots, power

houses, round houses, machine shops, yards, and upon the
right-of-way, and upon the operation of its engines, cars
and trains, and to employees of express companies while
running on railways.''

So far as the terms of these two statutes are con-
cerned, there is no conflict between them except where
it is provided in Section 5903 that employment on rail-
roads shall include "operation of its engines, cars and
trains." With this seeming conflict, we are authorized
to consider the character or subject-matter of each act
to determine which should form the basis for the insti-
tution of the instant case.

The former act, while general in its nature, so far
as it is necessary for it to conform to the constitutional
provision against special legislation, has specific refer-
ence to corporations operating railroads in that State.
The latter act, as we have likewise shown, is a general
law limited in its operation, so far as its letter is con-
cerned, only as therein prescribed. A solution of the
question as to which of these acts is applicable here may
be found in the well recognized and often quoted rule that
where there is an apparent contradiction or conflict be-
tween a general and a specific statute, whether in the
same or in different legislative acts and regardless of
priority of enactment, they should be so construed that
both may subsist, the specific statute being regarded as
qualifying or supplying exceptions to the general. Here
we have two statutes, the earlier being special and the
latter general, and while the terms of the general statute
may be sufficiently broad to include the matter provided
for in the special, the express specific purpose of the lat-
ter justifies the presumption that it is to be considered
as a continuing exception to the general statute, unless a
repeal of the special statute is expressed or the pro-
visions of the general statute are manifestly inconsistent
with those of the special.

We have frequently recognized this rule under facts
not dissimilar to those at bar. In State ex inf. Major v.
Amick, 247 Mo. l. c. 292, we said:

"Where there are two acts and the provisions of one apply specially to a particular subject, which clearly includes the matter in question, and the other general in its terms, and such that if standing alone it would include the same matter, and thus conflict with each other, then the former act must be taken as constituting an exception to the latter or general act, and not a repeal of the former, and especially is this true when such general and special acts are contemporaneous." [Citing cases.]

This was but an affirmance of the rule announced in earlier cases. [Ruschenberg v. So. Elec. R. R. Co., 161 Mo. 70; Campbell v. St. L. & Sub. Ry. Co., 175 Mo. 177; St. Louis v. Kaime, 180 Mo. 1. c. 319.]

The provisions of the general statute are not in conflict with those of the special one. As persuasive evidence that the enactment of the latter was not intended to amend or repeal the former, there is an absence from the general statute of the usual provision that "all acts and parts of acts in conflict herewith are hereby repealed." On the contrary, we find at the close of the general statute this provision:

"Nothing in this act shall be construed to amend or repeal Section 6999 of the General Statutes of Kansas of 1909, or House Bill No. 240 of the Session of 1911, the same being 'An Act relating to the liability of common carriers by railroads to their employees in certain cases, and repealing all acts and parts of acts so far as the same are in conflict herewith.'" [L. Kan. 1911, ch. 218, sec. 48, p. 397, now Sec. 5942, G. S. Kan. 1915.]

"House Bill No. 240" was but another manner of designating the Railroad Employers' Liability Act.

If any doubt existed, therefore, as to the application in this case of the general rules of construction that courts look unkindly upon repeals by implication and that a later statute should not be held to amend or repeal an earlier one if both can be given effect without repugnancy or an affront to reason (Nichols v. Hobbs, 197 S. W. 1. c. 260), the section above quoted is sufficient-

ly explicit to settle the question as to the continuing effect of the earlier special statute. Exempting by express terms, as Section 5942 does, the earlier or special act from the later or general one, leaves nothing more to be said on the subject. The action was therefore properly brought under the former, and appellant's contention in this behalf must go for naught.

II. The correctness of instruction designated as C-1 given at the request of the plaintiff is challenged. It is as follows:

"The court instructs the jury that if they find and believe from the evidence that the plaintiff is the administratrix of William W. Hurlburt, deceased, and that said Hurlburt was killed on August 11, 1916, while in the employment of defendant and operating an engine on the Kansas City & Northwestern Railway Company's tracks, and that the defendant on said date was and for a long time before said date had been receiver of said company and in charge of its track and the operation of trains thereon, and if the jury shall further find from the evidence that deceased was killed at a curve in said road and at the time and place in question the roadbed, including the ties, was ballasted with dirt and by reason thereof was inadequately and insufficiently ballasted and thereby dangerous and unsafe, and if you further find that the rails on said road were fifty-six-pound rails and were old and worn and were too light and insufficient to sustain the weight of the engines and trains running over them, and by reason thereof were dangerous and unsafe; and if you further find that the outer rail of the track on said curve was practically level with the inner rail and by reason thereof an engine and tender in rounding said curve were likely to jump the track, and the said condition, if any, was dangerous and unsafe, and the maintenance of said track in the manner above set forth, if you so find, constituted negligence on the part of the defendant and that the dangerous condition, if any, of said

*Comment on Evidence.*

track, as above set forth, was known to the defendant or had existed for such a period of time before the death of Hurlburt that defendant in the exercise of ordinary care could have known it in time thereafter to remedy the same and the defendant negligently failed to do so, if you so find, and as the direct result of such negligence, if any, the engine upon which Hurlburt was riding was derailed and Hurlburt was thereby killed, then your verdict must be for the plaintiff, unless you find that deceased was guilty of contributory negligence, as defined in other instructions, and said contributory negligence, if any, was the sole cause of his death, or unless you believe from the evidence that the deceased came to his death by reason of the ordinary risks incident to his employment.''

The general objection urged to this instruction is, that it is a comment on the evidence. The grounds of this objection are stated to be that the jury was told that dirt ballast was inadequate; that the rails were too light; and that the inner and outer rails were not properly laid, etc. This instruction is formally hypothetical in its language, and the jury is told in regard to each fact hypothesized that as preliminary to their consideration of same they must find and believe the existence of such facts from the evidence. There is nothing in this instruction which could have misled the jury and we regard the objection thereto as trivial.

Instruction numbered four on the measure of damages, given at the request of the plaintiff, is assigned as error. It is as follows.

''If you find for plaintiff and find from the evidence that deceased was not guilty of contributory negligence, then you will award plaintiff as administratrix such sum in damages as the jury shall find and believe Measure of from the evidence will reasonably compensate Damages. the widow of deceased, Bernice Hurlburt, for any necessary pecuniary loss, if any, sustained by her in her necessary support and maintenance, if any, resulting from the death of her husband; and such further

sum as will reasonably compensate the children of deceased, Agnes and William, for any necessary pecuniary loss, if any, sustained by them during their minority in their necessary maintenance, education and support, if any, as the direct result of the death of the deceased, and in this connection the jury may take into consideration the age of deceased and the members of his family above mentioned, and his habits, earnings and his expectancy in life.

"The jury will also take into consideration the personal expenses of deceased, and can only award such sum in the aggregate as the jury shall believe from the evidence the said members of his family had reasonable grounds to expect from deceased, if any, in the way of actual pecuniary assistance, as above, had he lived, if any, and your whole award cannot exceed ten thousand dollars."

The particular language rather than the subject-matter of this instruction is assigned as error. Appellant does not fairly state the language objected to in connection with the remainder of the instruction. It does not, as contended, authorize a recovery "in such lump sum as the family had reasonable grounds to expect from the deceased," but authorizes the recovery of such sum not to exceed ten thousand dollars, as will reasonably compensate the widow for any necessary pecuniary loss sustained by reason of the death of her husband. The provision alleged by defendant to fix the basis of recovery, instead of so doing, when the instruction is considered as a whole, limits the theretofore defined right of recovery in requiring that the personal expenses of the deceased be taken into consideration by the jury, or in other words that such expenses be deducted from the amount fixed by the jury as constituting "the pecuniary assistance the family had reasonable grounds to expect from him." This could not have been understood as meaning other than his income or present worth to his family at the time of his death. That this is the proper basis from which to estimate plaintiff's damages

is too well established to admit of controversy. [Powell v. Railroad, 255 Mo. l. c. 454; Smith, Admr., v. Pryor, 195 Mo. App. l. c. 265; Chesapeake & O. Ry. Co. v. Kelly, 241 U. S. 485.] The basis here fixed does not violate this rule, nor is the language of the instruction such as to have misled the jury.

While we regard this instruction as correctly declaring the law and subject to no formal objections, if defendant had desired that it be qualified or limited in its meaning an instruction to that effect should have been requested.

In a recent case (Forbes v. Ry. Co., 101 Kan. l. c. 480) the objections here urged were there made, and the court, while holding the instruction to be correct, said that "in the absence of a request for a more specific statement no reversible error was committed." [Citing cases.]

A like attitude was assumed by a defendant in Powell v. Railroad, 255 Mo. 420, in a cause of action arising in Kansas and tried in our courts under the laws of that state. In disposing of such objections to the instruction as are made in the case at bar, LAMM, J., used the following language at page 454:

"Furthermore, and most of all, defendant below stood mute and asked no instruction on the measure of damages. It pitched its battle at other points. It exhausted its solicitude elsewhere and on other questions. It may not now, with its corporate heart bowed down with the woe of defeat, and its corporate eyes washed and brightened by the tears of affliction, elicit appellate interest in a matter it cared nothing about below. [Browning v. Railroad, 124 Mo. 55.]"

III. We have examined the cases cited by defendant and without reviewing them in detail it will be sufficient to say that the facts upon which the rulings therein are based are not parallel with those at bar and hence cannot be properly cited as sustaining defendant's contentions.

Defendant's Authorities.

IV. Subordinate contentions made at the trial but omitted from the assignment of errors and in no wise referred to in defendant's brief, may be regarded as Waiver. having been abandoned. [Crecelius v. Railroad, 274 Mo. l. c. 688; State ex rel. McWilliams v. Drainage Dist., 269 Mo. l. c. 455; State ex rel. Crow v. Carothers, 214 S. W. 857.]

Finding no substantial merit in this appeal, the judgment of the trial court is affirmed. All concur.