R. EMMET O'MALLEY, SUPERINTENDENT OF THE INSURANCE DEPARTMENT OF THE STATE OF MISSOURI, APPELLANT, v. PRUDENTIAL CASUALTY & SURETY COMPANY, A CORPORATION, DEFENDANT, WILMER L. MUELLER, EXCEPTOR, RESPONDENT.—80 S. W. (2d) 896.

St. Louis Court of Appeals.    Opinion filed April 2, 1935.

936

*Powell B. McHaney* and *Green, Henry & Remmers* for appellant.

*Wilmer L. Mueller, pro se,* respondent.

BECKER, J.—This is an appeal by R. E. O'Malley, as Superintendent of the Insurance Department of the State of Missouri, from the judgment of the Circuit Court of the City of St. Louis, sustaining the exceptions of one Wilmer L. Mueller, a claimant for wages due him as a former employee of defendant, Prudential Casualty & Surety Company, to the report of the commissioner duly appointed by the circuit court to hear and determine claims against said company, which is now in process of liquidation pursuant to the provisions of section 5951 et seq., Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 5951 et seq., p. 4530).

The decree of insolvency was issued by the court on December 26, 1931, upon a petition filed by the superintendent of the insurance department, and in due course notice was given to creditors to present their claims before the commissioner appointed by the court to hear and determine the same.

On February 8, 1932, Mueller's claim was filed, the same being

for the sum of $183.33, and representing salary or wages due him from the company for the period from December 1, 1931, to December 22, 1931.

Thereafter, on November 4, 1932, the commissioner filed his report setting forth the allowed, the disallowed, and the unliquidated claims against the company, in the course of which it appeared that Mueller's claim had been allowed and classified as a fourth-class claim under section 5951, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 5951, p. 4336), which the commissioner regarded as the controlling statute. In due course Mueller filed his exceptions to said report, setting up that inasmuch as the entire amount of his claim was for salary or wages due him as an employee of the company, it should have been allowed him in full by the commissioner as a preferred claim against the company, and praying an order of court directing the commissioner to allow his claim as a preferred one.

Thereafter the matter came on for a hearing before the court upon said exceptions, whereupon the court in part sustained the exceptions, ordering that the claim to the extent of $100 be allowed as a preferred claim under section 1168, Revised Statutes of Missouri, 1929 (Mo. St. Ann., sec. 1168, p. 1429), a general statute giving a preferred status to debts owing to laborers or servants which have accrued by reason of their labor or employment, and that the balance of $83.33 remain classified as a fourth-class claim. It may be noted here that the fact that the claim was allowed a preferential status only to the extent of $100 was for the reason that section 1168, supra, provides for according a preference to wage claims only to that limit.

From the judgment of the court so entered the superintendent of the insurance department in due course appeals.

The only question presented by the appeal is whether a claim for salary or wages by a former employee of an insurance company, which has been declared insolvent by the circuit court and placed in the hands of the Superintendent of the Insurance Department for liquidation, is to be classified as a preferred claim under section 1168, supra, as was the judgment of the lower court in this case, or as a fourth-class claim under section 5951, supra, as the Insurance Department contends.

Section 5951 first appears in the 1879 revision of the statutes, and section 1168 in the 1889 revision. The former section is a part of the general provisions of the statutes relating to insurance companies, while the latter section is a general labor claims statute and is made a part of the article and chapter having to do with executions and exemptions.

In the main, section 5951 follows the commonly accepted doctrine as to the priority of claims, providing that the sums realized from

the assets of the company shall be applied, first, to the expenses of liquidation; second, to taxes and debts due the United States, the State, and local political subdivisions; third, to death losses on matured policy claims; and fourth, to the payment of all other debts and claims.

Section 1168 simply provides in general terms that when the property of any company, corporation, firm, or person shall be seized upon by any process of any court of this State, or when their business shall be suspended by the action of creditors, or be put into the hands of a receiver or trustee, then in all such cases the debts owing to laborers or servants, which have accrued by reason of their labor or employment, to an amount not exceeding $100 to each employee for work or labor performed within six months next preceding the seizure or transfer of such property, shall be considered and treated as preferred debts, and such laborers or employees shall be preferred creditors, and shall be first paid in full.

Aside from the technical considerations which might go to the question of the application of section 1168 to the procedure peculiar to the liquidation of an insurance company by the Superintendent of the Insurance Department acting under a decree of the circuit court, we are led to believe that in the enactment of the insurance laws the Legislature has evidenced an intention to provide an exclusive code for the insurance business, including the course to be followed in the distribution of the assets of a dissolved company among claimants and others entitled thereto, and excluding the application of statutes which might seem at first blush to be in conflict with any section of the insurance code. In fact our Supreme Court has already practically said as much in holding that the enactment of the insurance code is indicative of a legislative intention to regulate the insurance business from beginning to end, not alone in the case of the solvency, but in the case of the insolvency of the company as well. [State ex rel. Mo. State Life Ins. Co. v. Hall, 330 Mo. 1107, 52 S. W. (2d) 174.]

So it must follow that section 5951, which is a special statute and deals specifically with the classification and allowance of claims against a dissolved insurance company, must be held to govern the matter at hand which is a claim of the character contemplated by the special statute, unless it be that in the subsequent enactment of section 1168, the general statute, the Legislature impliedly repealed section 5951 insofar as it might otherwise relate to the allowance of claims for work and labor.

We do not think that any such conclusion follows. Aside from the general proposition heretofore pointed out, that the insurance statutes were intended to be exclusive as to all matters to which they relate, we are also confronted with the general rule of statu-

tory construction that a general statute will not be held to repeal a former statute special in its nature unless the intent to repeal is manifest, or the two acts are so patently inconsistent that they cannot stand together. [State ex rel. State Tax Commission v. Crawford, 303 Mo. 652, 262 S. W. 341; Hurlburt v. Bush, 284 Mo. 397, 224 S. W. 323; Folk v. City of St. Louis, 250 Mo. 116, 157 S. W. 71; State ex rel. McDowell v. Smith (Mo.), 67 S. W. (2d) 50.]

We see no fatal inconsistency between the two statutes in question when full regard is had for the expressed legislative intent to provide an exclusive code, of which section 5951 is a part, for the regulation of the business of both solvent and insolvent insurance companies; nor, by the same token is the later general statute to be taken either as an implied repeal or as an amendment of the former special statute.

It follows, therefore, that section 5951 must be construed to exclusively control the matter of the distribution of the assets of an insurance company in process of liquidation, including the classification and allowance of employees' claims for wages due from such company. Such being true, the commissioner correctly classified the whole of the exceptor's claims as a fourth-class claim, and the court was in error in sustaining the exceptions to the point of according a preference to the claim in the sum of $100.

It would appear from remarks of counsel in the oral presentation of the case that this appeal is largely a test case designed to bring about a judicial determination of the point at issue, and that the lower court has very commendably cooperated with the Insurance Department in making the opportunity for such a ruling possible.

The judgment of the circuit court should be reversed and the cause remanded with directions to the court to enter up a new judgment overruling the exceptions filed by the exceptor herein to the commissioner's report. It is so ordered. *Hostetter, P. J.*, and *McCullen, J.*, concur.