**MEDALLION INSURANCE COMPANY et al., Plaintiffs-Respondents,**

v.

**Ernest J. WARTENBEE, d/b/a Y Insurance Agency, Defendant-Appellant.**

**No. KCD 29635.**

Missouri Court of Appeals, Kansas City District.

July 3, 1978.

Von Erdmannsdorff, Zimmerman, Gunn & Werner, Max Von Erdmannsdorff, Kansas City, for defendant-appellant.

John C. Craft, William C. Jolley, Jr., Kansas City, for plaintiffs-respondents.

Before WELBORN, Special Judge, Presiding, PRITCHARD, J., and HIGGINS, Special Judge.

ANDREW JACKSON HIGGINS, Special Judge.

Action by Medallion Insurance Company and Missouri General Insurance Company against their agent, Ernest J. Wartenbee, d/b/a Y Insurance Agency, on account and for an accounting; counterclaim (as amended) by defendant for "direct bill" premiums and for actual and punitive damages.

Plaintiffs, through their receiver, voluntarily dismissed the petition and the court sustained a motion to dismiss defendant's counterclaim and dismissed same "for the reason that Chapter 375 [the Missouri Insurance Code], RSMo 1969 provides the exclusive statutory remedy available to defendant and that the proper venue is in the Circuit Court of Jackson County, Missouri, Division 13."

Appellant charges the court erred in its order of dismissal on grounds that plaintiffs selected Clay County as the forum for their suit and defendant is thus entitled to have his compulsory counterclaim tried in Clay County; that nothing in Chapter 375, RSMo 1969, required dismissal of the counterclaim, and that the result is a denial of his right to jury trial. The question is whether, in the facts and circumstances, defendant's recourse against plaintiffs is under the provisions of Chapter 375, RSMo. Affirmed.

On February 20, 1974, plaintiffs filed their suit against defendant in Clay County. Defendant duly answered and counterclaimed and, on January 31, 1977, filed the counterclaim in issue. In the interim, the following transpired: On September 12, 1975, Division 13 of the Jackson County Circuit Court, on petition of the Director, Division of Insurance of Missouri, and after determination that Medallion Insurance Company and Missouri General Insurance Company were insolvent, enjoined those companies from further prosecution of their business and enjoined all persons from prosecuting any action against them, ordered their liquidation, appointed the Director as their receiver, and directed him to liquidate the affairs of the companies and to compromise actions now pending, all as provided in Sections 375.012–375.916, RSMo 1969. On October 21, 1975, Division 13 of the Jackson County Circuit Court appointed a commissioner of claims to receive and decide all claims against Medallion Insurance Company and Missouri General Insurance Company.[1]

On February 10, 1977, plaintiffs, through the receiver, entered the voluntary dismissal of the petition in the Clay County Circuit Court; and, on February 22, 1977, the receiver filed the motion to dismiss defendant's amended counterclaim on the ground that Chapter 375, RSMo., and the Jackson County injunction required such action to be pursued in the receivership proceeding in Jackson County.[2]

On June 20, 1977, the court entered the order of dismissal which gave rise to this appeal.

A plaintiff's voluntary dismissal of his lawsuit does not operate to dismiss or discontinue a mandatory counterclaim, Rules 55.32(a) and 67.05; and ordinarily the court in which it was filed would remain the forum for its prosecution free from interference by a court of concurrent jurisdiction. See, e. g., *Hartvedt v. Harpst,* 216 S.W.2d 539 (Mo.App.1948); *Stark v. Moffit,* 352 S.W.2d 165 (Mo.App.1961); *Davis v. Morgan Foundry Co.,* 224 Mo.App. 162, 23 S.W.2d 231 (1929); *Mott Store Co. v. St. Louis & S. F. R. Co.,* 173 Mo.App. 189, 158 S.W. 108 (1913); *Mott Store Co. v. St. Louis*

1. Time for presentation of claims ran, pursuant to order of extension, to December 31, 1977.

2. Respondents represent, and appellant does not deny, that plaintiffs' attorneys knew of the Jackson County proceedings and specifically the injunction, when defendant's amended counterclaim was filed January 31, 1977. See *Mechanic v. Gruensfelder,* 461 S.W.2d 298, 306 (Mo.App.1970).

*& S. F. R. Co.,* 254 Mo. 654, 163 S.W. 929 (1913); *State ex rel. McDowell v. Libby,* 238 Mo.App. 36, 175 S.W.2d 171 (1943).

█ The circumstances of this case are not the ordinary, however, and in the circumstances, defendant's counterclaim is for hearing only as provided in Chapter 375, RSMo.

The legislature, in enactment of the insurance laws, now Chapter 375, RSMo., "has evidenced an intention to provide an exclusive code for the insurance business, including the course to be followed in the distribution of the assets of a dissolved company among claimants and others entitled thereto, and excluding the application of statutes which might seem * * * to be in conflict with any section of the Insurance Code." *O'Malley v. Prudential Casualty & Surety Co.,* 230 Mo.App. 935, 80 S.W.2d 896, 897[1] (1935). "It is a valid exercise of the police power [with] intention to regulate the business from beginning to end, thereby protecting individual and public interests." *State ex rel. Missouri State Life Ins. Co. v. Hall,* 330 Mo. 1107, 52 S.W.2d 174, 177 (banc 1932). Note also the full faith and credit accorded such codes. *Morris v. Jones,* 329 U.S. 545, 67 S.Ct. 451, 91 L.Ed. 488 (1947); *Relfe v. Rundle,* 103 U.S. 222, 26 L.Ed. 337 (1880).

The Director's petition for the liquidation of Medallion Insurance Company and Missouri General Insurance Company upon his belief of their insolvency, and the court's action thereon, are authorized by Section 375.560 RSMo 1969, which provides:

"* * * the superintendent [now director] may institute a suit or proceedings in the circuit court in the county or city in which the company was organized or in which it has or last had its principal or chief office or place of business or in the county of Cole, to enjoin the company from further prosecution of its business, * * * and * * * the court * *

may order the liquidation, settlement and winding up of the affairs of such company * * * as provided in sections 375.-010 to 375.920, together with such other decrees and orders in connection therewith as the court shall deem advisable." See also Section 375.570, RSMo.

Appointment of a commissioner to decide on claims, limitations on time for presentation of claims, and exclusivity of such proceedings are provided in Section 375.670, RSMo 1969:

"* * * The court * * * shall limit and may extend the time for the presentation of claims * * * and any creditor [3] neglecting to present his claim within the time so limited shall be debarred of all right to share in the assets of such company. * * * Said court shall appoint * * * commissioners to receive and decide upon the claims presented * * *."

The propriety of the dismissal ordered by the Clay County Circuit Court in these circumstances is demonstrated by *Strubinger v. Mid-Union Indemnity Co.,* 352 S.W.2d 397 (Mo.App.1961), which held that assets of the insolvent Illinois Casualty Company in possession of the Illinois Department of Insurance under the Illinois liquidation statutes were not subject to garnishment in Missouri. "[P]laintiff was bound by the Order and Judgment of the Illinois Circuit Court, wherein it enjoined and restrained all creditors and other persons having claims against Mid-Union from instituting any suit or proceeding." 352 S.W.2d l. c. 410–411. See also *Thacher v. H. C. Baldwin Agency, Inc.,* 283 F.2d 857 (7th Cir. 1960), where the superintendent of insurance of New York, as statutory liquidator of an insolvent insurance company, sued an Indiana agency to recover premiums and other sums due the company. The insolvent had been placed in liquidation in a New York state

**3.** Appellant suggests that he can be termed a creditor "only upon a successful completion of the litigation" in Clay County. Note that "creditor" as used in statute relating to filing claims against insolvent banks is not restricted to include only those to whom money may be owing as a debt in strict sense of terms, but it embraces all those who have a right by law to demand and recover claims on any account whatsoever. *First Nat. Bank of Colorado Springs v. Holt,* 158 S.W.2d 229, 231[4] (Mo. App.1942).

court action and the New York court enjoined assertion of claims except in the liquidation proceeding. The United States District Court, Southern District of Indiana, held that the New York injunction stayed adjudication of defendant's counterclaims and set-offs and the Court of Appeals affirmed. To same effect, see *Janak v. Allstate Insurance Company,* 319 F.Supp. 215 (W.D.Wis.1970). See also Appleman, Insurance Law and Practice, §§ 11001–11104; *Moss v. Kansas City Life Ins. Co.,* 8th Cir., 96 F.2d 108, 114–115.

With respect to the claimed denial of jury trial, suffice to say that defendant was provided with a forum for his claim, and procedural complaints should be presented there.

Judgment affirmed.

All concur.