**ALLENDALE MUTUAL INSURANCE COMPANY, et al., Plaintiffs,**

v.

**Lewis E. MELAHN, et al., Defendants.**

**No. 87–4450–CV–C–9.**

United States District Court,
W.D. Missouri, C.D.

Aug. 28, 1991.

Thomas N. Sterchi, Peter F. Travis, Phillip C. Rouse, Baker & Sterchi, Kansas City, Mo., for plaintiffs.

Michael L. Parrish, Morrison, Hecker, Curtis, Kuder & Parrish, Overland Park, Kan., Joel R. Mosher, R. Lawrence Ward, Shughart, Thomson & Kilroy, P.C., Kansas City, Mo., Andrew L. Symons, Ferguson & Burdell, Seattle, Wash., Daniel W. Unti, Carney, Stephenson, Badley, Smith, Mueller & Spellman, Seattle, Wash., Charles E. Yates, Mikkelborg, Broz, Wells, Fryer & Yates, Seattle, Wash., Bruce E. Baty, Morrison, Hecker, Curtis, Kuder & Parrish, Kansas City, Mo., for defendants.

## ORDER GRANTING DEFENDANT ME-LAHN'S MOTION TO DISMISS AND DISMISSING PLAINTIFF AMERI-CAN REINSURANCE COMPANY'S FIRST AMENDED COMPLAINT

BARTLETT, District Judge.

Defendant Lewis E. Melahn (Receiver) moves to dismiss plaintiff American Reinsurance Company's (American Re) First Amended Complaint on the ground that it fails to state a claim upon which relief may be granted. American Re opposes the motion.

### I. *Facts*

Transit Casualty Company (Transit) was an insurance company incorporated in Missouri. On May 14, 1984, Transit issued an insurance policy, No. IM–201367, to Sellen Construction Company and Fifteen–O–1 Fourth Avenue Ltd. Partnership (hereafter collectively referred to as Sellen).

On April 20, 1985, a crane fell at the Century Square Building construction site in Seattle, Washington. Sellen suffered losses in that occurrence and made a claim under the Transit policy. Pursuant to that

claim, Sellen received $1,066,560 under the Transit policy in partial payment of its claim.

On December 3, 1985, Transit was declared insolvent and placed in receivership by order of the Circuit Court of Cole County, Missouri. The court appointed the Acting Director of the Missouri Division of Insurance as the receiver for Transit. Defendant Melahn is now the Director of the Missouri Division of Insurance and is, therefore, the receiver for Transit.

Once Transit was placed in receivership, Sellen received no other payment for its losses under the Transit policy.

Prior to Sellen's loss on April 10, 1985, Transit entered into certain reinsurance agreements with American Re and other reinsurers that were previously parties to this action. These reinsurance agreements reinsured Transit's obligations under its policy with Sellen. Sellen was not a party to the reinsurance agreements.

On May 16, 1986, Sellen brought suit against Transit's reinsurers in Washington state court seeking the proceeds due under Transit's reinsurance agreements. The reinsurers filed this interpleader action on October 2, 1987, after the Receiver made demand for those same reinsurance proceeds. The basis for the Receiver's claim to those reinsurance proceeds was that Missouri law dictated that all reinsurance proceeds be paid only to the Receiver.

On October 31, 1989, I ruled that the Receiver and no other person was entitled to the reinsurance proceeds arising out of the Sellen loss. On February 23, 1990, I entered a permanent injunction against payment of the reinsurance proceeds to anybody but the Receiver.

On March 28, 1990, American Re filed its Motion for Leave to File First Amended Complaint. I granted the motion and American Re filed its First Amended Complaint on May 3, 1990.[1]

In its First Amended Complaint, American Re claims that any reinsurance proceeds it must pay to the Receiver under its various reinsurance agreements with Transit should be reduced by the amount of premiums owed by Transit. American Re bases its argument on a contract term found in the various reinsurance agreements between American Re and Transit. The term provides: "In the event of insolvency of a party hereto, set-offs shall only be allowed in accordance with the provisions of Section 538 of the insurance law of the State of New York." Section 538 (now Section 7427) of the New York Code provides that in cases of mutual debts or credits between an insurer and another person in connection with a liquidation proceeding, the debts and credits shall be set-off and only the balance shall be allowed or paid.

The Receiver moves to dismiss American Re's First Amended Complaint arguing that set-offs are not permitted under Missouri's Insurance Code, Mo.Rev.Stat. § 375.560, *et seq.*, that comprehensively regulates liquidation of insolvent insurance companies. The Receiver also argues that American Re's claim for set-offs violates § 375.246 of the Insurance Code as well as specific provisions of the reinsurance agreements. Furthermore, the Receiver argues that the Missouri General Assembly's repeated rejection of a proposed statute recognizing a right to set-off, as well as its recent adoption of a statute authorizing set-off, reinforces its argument that the currently effective Missouri Insurance Code does not permit set-offs.

Plaintiff argues that it is entitled to set-off under Missouri common law and also pursuant to the express contractual terms contained in the reinsurance agreements with Transit. Plaintiff contends that although the Missouri Insurance Code does not contain an express provision permitting set-offs, the Missouri legislature's silence on this issue does not abrogate Missouri common law which permits such set-offs.

American Re argues that the Missouri legislature's recently adopted statutory set-off provision merely codifies the existing

---

1. None of the other original plaintiffs joined American Re as parties to the First Amended Complaint.

common law right to set-offs and, therefore, does not indicate a change in existing statutory law. American Re also argues that set-offs are not within the § 375.950(5) definition of "general assets" so as to be subject to liquidation pursuant to the Missouri Insurance Code.

## II. *Standard for Dismissal*

All factual allegations in the Complaint are to be taken as true as well as all inferences that reasonably may be drawn from those facts. *Hishon v. King and Spaulding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984). A Complaint should not be dismissed for failure to state a claim for relief unless it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle plaintiff to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957).

## III. *Discussion*

### A. *Choice of Law*

■ A question exists concerning which state's law this court should apply in determining whether American Re is entitled to set-off the premiums against the reinsurance proceeds owed to Transit.

Based on *Jump v. Goldenhersh,* 474 F.Supp. 1306 (E.D.Mo.1979), *aff'd,* 619 F.2d 11 (8th Cir.1980), and *Manchester Premium Budget Corp. v. Manchester Ins. & Indem. Co.,* 612 F.2d 389, 391–92 n. 8 (8th Cir.1980), Missouri law controls on this issue because it is the state of Transit's incorporation and domicile.[2] Accordingly, Missouri substantive law will be applied in deciding whether American Re is entitled to set-off the premiums against reinsurance proceeds which it owes to Transit.

### B. *Application of Substantive Missouri Law*

■ American Re contends that it has a common law right to set-off the unpaid premiums and that this common law right is not abrogated by the absence of an express statutory provision allowing set-offs.

The Receiver argues that no such right exists.

The Missouri Insurance Code, Mo.Rev. Stat. § 375.560, *et seq.,* provides a comprehensive scheme for the orderly and equitable administration of the assets and liabilities of an insolvent insurer. Specifically, § 375.700 divides the universe of potential claimants against an insolvent insurer's estate into four separate classes:

(1) Payment of all the expenses of closing the business and disposing of the assets of such company;

(2) To the payment of all lawful taxes and debts due the state and the United States and the counties and municipalities of the state;

(3) To the payment of policy claims;

(4) To the payment of the other debts and claims allowed against such company, and the unearned premiums and the surrendered value of its policies, in proportion to their respective amounts.[3]

Missouri courts have declared that Missouri's Insurance Code is a comprehensive and self-contained statutory scheme for the liquidation of insurance companies:

The legislature, in enactment of the insurance laws, now Chapter 375 R.S.Mo., 'has evidenced an intention to provide an exclusive code for insurance business, including the course to be followed in the distribution of the assets of a dissolved company among claimants and others entitled thereto, and excluding the application of statutes which might seem ... to be in conflict with any section of the insurance code. *O'Malley v. Prudential Casualty & Surety Company,* 230 Mo. App. 935, 80 S.W.2d 896, 897 (1935).' It is a valid exercise of the police power to regulate the business from beginning to end, thereby protecting public and private interests.

*Medallion Insurance Co. v. Whartenbee,* 568 S.W.2d 599, 601 (Mo.App.1978); *see also State ex rel. I.S.C. Fin. Corp. v. Kinder,* 684 S.W.2d 910, 913 (Mo.App. 1985). Accordingly, this exclusive statu-

---

**2.** Transit was incorporated and organized under the laws of the State of Missouri.

**3.** Under this distribution scheme, American Re falls within the fourth class of creditors.

tory scheme mandates that the receiver of an insolvent insurer collect all available assets, including reinsurance proceeds, and distribute those assets strictly in accordance with the priorities set forth in § 375.-700.

No express provision is found within the Missouri Insurance Code providing for a right of set-off in the insurance liquidation context. Furthermore, no other statutory provision is found within the Missouri Revised Statutes recognizing any general right of set-off. Therefore, American Re has no statutory right to set-off the unpaid premiums owed to it by Transit against the reinsurance proceeds owed to Transit.

■ Because there is no express statutory provision allowing American Re the right of set-off, the only other source for such a right would be Missouri common law. American Re has not convinced me that a common law right to set-off in this situation exists in Missouri. The cases cited by American Re are not persuasive on this issue because they either involve non-insurance insolvency situations, arose before the McCarran–Ferguson Insurance Regulation Act, 15 U.S.C. §§ 1011–15 (1976), or are from states that have expressly enacted set-off statutes. Furthermore, American Re relies heavily on *Carr v. Hamilton*, 129 U.S. 252, 9 S.Ct. 295, 32 L.Ed. 669 (1889), for the proposition that a right of set-off exists under the Missouri Insurance Code even in the absence of a specific statutory provision or contract term.

In *Carr*, the Supreme Court applied neither Missouri insurance statutes nor Missouri common law. Accordingly, *Carr* is not persuasive on whether a right of set-off exists under Missouri common law.

Even if there is a general common law right of set-off in Missouri, it does not apply if it is in conflict with the statutory scheme regulating insurance companies. Mo.Rev.Stat. § 1.010 (1986) provides:

[N]o act of the General Assembly or law of this State shall be held to be invalid, or limited in its scope or effect by courts of this State, for the reason that it is in derogation of, or in conflict with, the common law, or with such statutes or acts of parliament; but all acts of the General Assembly, or laws, shall be liberally construed, so as to effectuate the true intent and meaning thereof.

As previously discussed, the Missouri General Assembly enacted a comprehensive and self-contained statutory scheme for the liquidation of insolvent insurers. *See Medallion Ins. Co.*, 568 S.W.2d at 601; *State ex rel. I.S.C. Fin. Corp.*, 684 S.W.2d at 913. To allow American Re to set-off the unpaid premiums against the reinsurance proceeds owed to Transit would conflict with the statutory priority of claims set forth in § 375.700. American Re would be afforded a superior priority to the extent of its claim for premiums. Thus, giving the Missouri Insurance Code the liberal construction necessary to effectuate the General Assembly's intent to comprehensively regulate insurance company insolvencies, as required by § 1.010, any common law right of set-off would have no effect.

■ American Re also argues that the requested set-off amounts are not part of the "general assets" of Transit. American Re contends that its claimed set-offs are security for the premiums Transit owed. Therefore, American Re argues that the claimed set-offs are funds "encumbered for the security or benefit of specified persons" and thus are not part of the "general assets" of Transit pursuant to § 375.-950(5).[4]

Secured claims are defined in § 375.-950(10) as "any claim secured by a mortgage, trust, deed, pledge, deposit as security, escrow, or otherwise, but not including

---

**4.** Section 375.950(5) defines "general assets" as: [A]ll property, real, personal, or otherwise, not specifically mortgaged, pledged, deposited, or otherwise encumbered for the security or benefit of specified persons or a limited class or classes of persons, and as to such specifically encumbered property the term includes all such property or its proceeds in excess of the amount necessary to discharge the sum or sums secured thereby. Mo.Rev.Stat. § 375.950(5) (1986).

special deposit claims or claims against general assets." Mo.Rev.Stat. § 375.-950(10) (1986).

American Re's right of set-off does not fit the type of security described in § 375.-950(10). Thus, the unpaid premiums fall within the definition of "general assets" and are, therefore, subject to liquidation pursuant to the Missouri Insurance Code.

██ American Re also contends that it is entitled to a right of set-off pursuant to a contract provision contained in each of the reinsurance agreements. "In the event of insolvency of a party hereto, offsets shall only be allowed in accordance with the provisions of Section 538 of the Insurance Law of the State of New York." [5]

Although this provision would arguably allow a set-off, this contract provision term conflicts with the comprehensive Missouri Insurance Code that governs liquidation of insolvent insurance companies. Thus, this provision conflicts with the public policy incorporated into and underlying the Missouri Insurance Code and will not be enforced.

## IV. *Conclusion*

For the foregoing reasons, defendant Melahn's Motion to Dismiss American Re's First Amended Complaint will be granted because there is neither a statutory nor common law right of set-off in Missouri.

Accordingly, it is ORDERED that:

1) defendant Melahn's Motion to Dismiss plaintiff American Reinsurance Company's First Amended Complaint is granted; and

2) this case is dismissed.

---

**5.** Section 538 (now § 7427) of the New York Code provides that in cases of mutual debts or credits between an insurer and another person in connection with a liquidation proceeding, the debts and credits shall be set-off and only the balance allowed or paid.